ROBERT A. BARTON
Inspector General
JAMES C. SPURLING, State Bar No. 109432
Chief Counsel
SHAUN R. SPILLANE, State Bar No. 258604
Attorney
  10111 Old Placerville Road, Suite 110
  Sacramento, CA 95827
  Telephone: (916) 255-1102
  Fax: (916) 255-1403
  Email: spurlingj@oig.ca.gov

Attorney for Defendants California Office of the Inspector General,
Robert A. Barton, Roy Wesley, and Michael J. Maddox

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BLUE, et al. | Case No.: 2:15-cv-02656-KJM-CKD |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| CALIFORNIA OFFICE OF THE INSPECTOR GENERAL, et al., | Judge:  Hon. Kimberly J. Mueller |
| Defendants. | Courtroom: 3 |
| | Trial Date: None |
| | Action Filed: 11/24/2015 |

Defendants California Office of the Inspector General, Robert A. Barton, Roy Wesley, and Michael J. Maddox (Defendants) answer Plaintiffs' Complaint filed in the Superior Court of California, County of Sacramento on November 24, 2015, as follows:

### JURISDICTION, VENUE, AND PARTIES

1.     Answering Paragraph 1 of the Complaint, although venue was proper in the Superior Court of the State of California, for the County of Sacramento at the time the case was originally filed, because the action has been removed to federal court, Defendants deny that venue is now proper in the Superior Court of the State of California, for the County of Sacramento. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

-1-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

2.     Answering Paragraph 2 of the Complaint, Defendants deny each and every allegation contained therein.

**PARTIES**

3.     Answering Paragraph 3 of the Complaint, Defendants admit Plaintiff California Correctional Peace Officers Association (CCPOA) is the exclusive bargaining representative of state employees in Bargaining Unit Six, which includes employees in the correctional officer classification. Defendants deny Plaintiff CCPOA has standing to bring this action. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, except as specifically admitted or denied above, Defendants deny each and every allegation in said paragraph.

4.     Answering Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Bryan Blue is a member of CCPOA, and on that basis deny this allegation. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

5.     Answering Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Jason Hastey is a member of CCPOA, and on that basis deny this allegation. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

6.     Answering Paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Arthur Tovar is a member of CCPOA, and on that basis deny this allegation. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

7.     Answering Paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Steven Oschner is a member of CCPOA, and on that basis deny this allegation. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

8.     Answering Paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff James

1   McCloughan is a member of CCPOA, and on that basis deny this allegation. Except as so denied,

2   Defendants admit each and every allegation contained in said paragraph.

3        9.      Answering Paragraph 9 of the Complaint, Defendants deny each and every

4   allegation contained therein.

5        10.     Answering Paragraph 10 of the Complaint, Defendants admit all allegations

6   therein.

7        11.     Answering Paragraph 11 of the Complaint, Defendants admit all allegations

8   therein.

9        12.     Answering Paragraph 12 of the Complaint, Defendants admit all allegations

10   therein.

11        13.     Answering Paragraph 13 of the Complaint, Defendants admit all allegations

12   therein.

13        14.     Answering Paragraph 14 of the Complaint, Defendants admit all allegations

14   therein.

15        15.     Answering Paragraph 15 of the Complaint, Defendants admit all allegations

16   therein.

17        16.     Answering Paragraph 16 of the Complaint, Defendants deny each and every

18   allegation contained therein.

19        17.     Answering Paragraph 17 of the Complaint, Defendants admit Exhibit "A" to the

20   Complaint is a copy of a Confirmed Arbitrator's Opinion and Award in *California Correctional*

21   *Peace Officers Association v. State of California*. Except as so admitted, Defendants deny each

22   and every allegation contained in said paragraph.

23        18.     Answering Paragraph 18 of the Complaint, Defendants deny each and every

24   allegation contained therein.

25                                      **FACTS**

26        19.     Answering Paragraph 19 of the Complaint, Defendants are without sufficient

27   knowledge or information to form a belief as to the truth of the allegation that Robert Davis is the

28   president of the California State Prison, Los Angeles County CCPOA chapter, and on that basis

-3-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

deny this allegation. Defendants admit officers Rodriguez and Rosales were represented by an individual identified as "officer Davis" during the October 13, 2015 interviews, but are without sufficient knowledge or information to form a belief as to the truth of the allegation that officer Davis's first name is Robert, and on that basis deny this allegation. Except as expressly admitted or denied, Defendants admit each and every allegation contained in said paragraph.

20.    Answering Paragraph 20 of the Complaint, Defendants admit Deputy Inspector General Michael Maddox interviewed Ironwood State Prison (ISP) correctional officer Bryan Blue on October 15, 2015. Defendants deny Maddox traveled to Blythe, California on October 15, 2015. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Blue reported for the interview at approximately 6:30 a.m. with CCPOA Staff Legal Counsel Phillip Murray, and on that basis deny this allegation. Defendants admit Murray was with Blue when Maddox arrived at ISP on October 15, 2015; Murray asked Maddox if the interview was voluntary; Maddox stated the interview was voluntary; and Blue declined to interview after being told the interview was voluntary. Except as expressly admitted or denied, Defendants deny each and every allegation contained in said paragraph.

21.    Answering Paragraph 21 of the Complaint, Defendants admit Chief Deputy Inspector General Roy Wesley called ISP Warden Neil McDowell on October 15, 2015. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, except as specifically admitted, Defendants deny each and every allegation in said paragraph.

22.    Answering Paragraph 22 of the Complaint, Defendants admit Maddox interviewed Blue on October 15, 2015; Maddox did not permit Blue to have a representative during the interview; and Maddox informed Murray that Roy Wesley instructed Maddox not to permit Blue to have a representative during the interview. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

23.    Answering Paragraph 23 of the Complaint, Defendants admit Maddox interviewed correctional officer Arthur Tovar on October 29, 2015 at California Correctional Center (CCC) in Susanville, California; Tovar requested a representative; Maddox did not permit

-4-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

Tovar to have a representative during the interview; an individual named officer Granfield asked Maddox if the interview was voluntary; and Maddox stated the interview was voluntary, but if Tovar refused to participate, Maddox would serve Tovar with a subpoena. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

24.     Answering Paragraph 24 of the Complaint, Defendants admit Granfield informed Maddox that he wanted to be Tovar's representative; Maddox stated that Tovar could not have a representative during the interview; Maddox interviewed Tovar in a room at CCC; Tovar asked Maddox if the interview was voluntary; Maddox stated the interview was voluntary, but if Tovar refused, Maddox would serve him with a subpoena; Maddox served Tovar with a subpoena; Tovar read a statement that indicated he was not waiving specified constitutional rights or specified rights under state law; and Maddox did not permit Tovar to have a representative during the interview. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

25.     Answering Paragraph 25 of the Complaint, Defendants admit Maddox interviewed correctional sergeant Jason Hastey on October 29, 2015; Maddox did not permit Hastey to have a representative during the interview; Hastey requested to have a representative during the interview; Hastey requested a subpoena; Maddox served Hastey with a subpoena; after being served with a subpoena, Hastey requested a union representative; Maddox told Hastey he could not have a representative; Hastey stated he did not know what the interview was about; Hastey stated that he believed the interview may or may not adversely affect his employment; Maddox informed Hastey that he was conducting a review; and after the interview, Hastey complained that he was not permitted to have a representative. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

26.     Answering Paragraph 26 of the Complaint, Defendants admit Maddox interviewed correctional officer Steven Oschner on October 30, 2015 at Salt Creek Conservation Camp in Paskenta, California; Oschner requested a representative; Maddox did not permit Oschner to have a representative during the interview; Oschner was with CCPOA Staff Legal Counsel Phillip Murray and Justin Delacruz; Murray asked Maddox if the interview was

-5-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

voluntary; Maddox stated the interview was voluntary, but if Oschner refused, Maddox would serve him with a subpoena; when Oschner declined to participate in the interview voluntarily, Maddox served him with a subpoena; Maddox did not permit Oschner to record the interview; Oschner stated at the beginning of the interview that he asked for representation before the interview took place for fear of punitive action at a later time; and Oschner read a statement that indicated he was not waiving specified constitutional rights or specified rights under state law. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

27. Answering Paragraph 27 of the Complaint, Defendants admit Maddox interviewed correctional officer James McCloughan on November 2, 2015 at Washington Ridge Conservation Camp in Nevada City, California; Maddox did not permit McCloughan to have a representative during the interview; McCloughan was with attorney Douglas Foley when Maddox arrived; Foley asked Maddox if McCloughan's participation was voluntary; Maddox stated McCloughan's participation was voluntary, but if McCloughan refused to participate, Maddox would serve him with a subpoena; Foley explained he had been retained by CCPOA to represent McCloughan; after learning that Foley had been retained to represent McCloughan, Maddox called one of Maddox's superiors; and Maddox informed Foley that he would not be permitted to be in the room during the interview. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

28. Answering Paragraph 28 of the Complaint, Defendants admit all allegations therein.

29. Answering Paragraph 29 of the Complaint, Defendants admit Michael Jones came to the High Country Inn in Susanville, California on November 4, 2015; OIG Chief Counsel, James Spurling, took Jones's deposition; individuals who identified themselves as CCPOA Staff Legal Counsel Phillip Murray and Justin Delacruz were also present during the deposition; and Murray participated in the deposition, raised objections, and asked clarifying questions. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the time of Jones's arrival and whether Jones was accompanied by anyone else upon his arrival, and on that basis deny these allegations. Except as expressly admitted or

1    denied herein, Defendants deny each and every allegation contained in said paragraph.

2

3    **FOR A FIRST CAUSE OF ACTION FOR RELEIF PURSUANT TO GOVERNMENT**

4    **CODE § 3309.5**

5        30.    Answering Paragraph 30 of the Complaint, Defendants are without sufficient

6    knowledge or information to form a belief as to the truth of the allegations, and on that basis

7    deny the allegations contained in said paragraph.

8        31.    Answering Paragraph 31 of the Complaint, Defendants admit they determined that

9    no punitive action could result from the interviews. Except as so admitted, Defendants deny each

10   and every allegation contained in said paragraph.

11       32.    Answering Paragraph 32 of the Complaint, Defendants are without sufficient

12   knowledge or information to form a belief as to the truth of the allegation that CDCR ordered

13   Bryan Blue to participate in the interview, and on that basis deny this allegation. Defendants

14   admit Blue was not permitted to have a representative during his interview with Maddox. Except

15   as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

16       33.    Answering Paragraph 33 of the Complaint, Defendants admit Tovar was not

17   permitted to have a representative during his interview with Maddox. Except as so admitted,

18   Defendants deny each and every allegation contained in said paragraph.

19       34.    Answering Paragraph 34 of the Complaint, Defendants admit Hastey was not

20   permitted to have a representative during his interview with Maddox. Except as so admitted,

21   Defendants deny each and every allegation contained in said paragraph.

22       35.    Answering Paragraph 35 of the Complaint, Defendants admit Oschner was not

23   permitted to have a representative during his interview with Maddox. Except as so admitted,

24   Defendants deny each and every allegation contained in said paragraph.

25       36.    Answering Paragraph 36 of the Complaint, Defendants admit McCloughan was

26   not permitted to have a representative during his interview with Maddox. Except as so admitted,

27   Defendants deny each and every allegation contained in said paragraph.

28

-7-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

37.     Answering Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

## FOR A SECOND CAUSE OF ACTION FOR RELIEF PURSUANT TO 42 U.S.C. § 1983

38.     Answering Paragraph 38 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

39.     Answering Paragraph 39 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

40.     Answering Paragraph 40 of the Complaint, Defendants admit 42 U.S.C. § 1983 states, in pertinent part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

41.     Answering Paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

42.     Answering Paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

43.     Answering Paragraph 43 of the Complaint, Defendants admit defendants Barton, Wesley, and Maddox were agents and/or employees of defendant California Office of the Inspector General. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the employment or agency status of any other defendants, and on that basis deny these allegations. Except as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

-8-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

44.     Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45.     Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46.     Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

47.     Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

48.     Answering Paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

49.     Answering Paragraph 49 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

## LEAVE TO AMEND

50.     Answering Paragraph 50 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants assert that at all relevant times, they acted within the scope of discretion, with due care, and in good faith in the fulfillment of their responsibilities pursuant to all applicable statutes, rules, regulations and practices; within their jurisdiction and authority; within the bounds of reason under all circumstances known; and with the good faith and reasonable belief that their actions comported with all applicable federal and state laws. Defendants therefore assert their immunity from liability.

-9-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

SECOND AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs' claims are barred, limited, and controlled by principles of immunity, including, but not limited to, absolute immunity, qualified immunity, sovereign immunity, and applicable state law immunities, including, but not limited to California Government Code §§ 815, 815.2, 818, 818.8, 820.2, 820.4, 820.8 and 821.6.

THIRD AFFIRMATIVE DEFENSE

Defendants assert that they have performed all obligations owed to Plaintiffs pursuant to any and all of the statutes described in Plaintiffs' Complaint, and that any deficiencies in performance were caused by Plaintiffs and/or other individuals or entities not named as a defendant in Plaintiffs' Complaint.

FOURTH AFFIRMATIVE DEFENSE

Defendants assert that the Eleventh Amendment bars suit for monetary damages against Defendants acting in their official capacities.

FIFTH AFFIRMATIVE DEFENSE

Defendants assert that they did not act with malicious intent or with reckless disregard for Plaintiffs' rights and are not liable for any punitive or exemplary damages.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from any recovery against defendants by reason of the doctrine of laches and undue delay in commencing this litigation.

SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that at all relevant times their actions were reasonably tailored to accomplish legitimate business purposes, were in the performance of their statutory duties, and were in the furtherance of achieving legitimate penological goals and promoting the interests of public safety.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive and/or equitable relief are barred because plaintiffs have an adequate remedy at law and there is no danger of irreparable harm.

NINTH AFFIRMATIVE DEFENSE

By conduct, representations and omissions, plaintiffs have waived, relinquished and/or abandoned, and are equitably estopped to assert, any claim for relief against Defendants respecting the matters that are the subject of the complaint.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs consented to and approved all the acts and omissions about which Plaintiffs now complain. Accordingly, Plaintiffs are barred from pursuing this action.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply, or allege compliance, with the provisions of California Government Claims Act (California Government Code § 810 et seq.), including, but not limited to, California Government Code § 905.2.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs, through their actions, inactions, and omissions, have failed to mitigate or attempt to mitigate their damages, if in fact any damages have been or will be sustained, and any recovery by plaintiffs must be diminished or barred by reason thereof.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust available administrative remedies, including, but not limited to, those afforded by California Government Code § 810, et seq., and California Code of Civil Procedure §§ 1987.1 and 2025.410, et seq.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert that any statement attributed to these Defendants set forth in Plaintiffs' Complaint may or may not be true and complete in all particulars, respects, and details.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff California Correctional Peace Officers Association lacks standing to bring an action under California Government Code section 3309.5.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs' Complaint and the alleged causes of action therein, fail to state facts sufficient to constitute a cause of action as to them.

-11-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants assert that the allegations in Plaintiffs' Complaint do not rise to the level of a constitutional deprivation, and therefore fail to state a claim for which relief may be granted under 42 U.S.C. § 1983, or any other federal statute.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs have not been deprived of any rights, privileges, or immunities guaranteed by the laws or Constitution of the United States or the laws or Constitution of the State of California.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants are not vicariously liable for any act or omission of any other person, by way of respondeat superior, agency, or otherwise.

### TWENTIETH AFFIRMATIVE DEFENSE

Because Plaintiffs' Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable herein and accordingly, reserve the right to assert additional affirmative defenses, if any, to the extent that such defenses are warranted.


### **PRAYER**

WHEREFORE, Defendants pray as follows:

1. That plaintiffs take nothing by reason of the complaint, and that judgment be rendered in favor of defendants and against plaintiffs;

2. That Defendants be awarded attorneys' fees and costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

/ / /

/ / /

/ / /

/ / /

-12-

Defendants' Answer to Plaintiffs' Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Defendants respectfully demand that all issues of fact be tried before a jury.

3

4    Dated: December 30, 2015                    Respectfully Submitted,

5

6                                               ROBERT A. BARTON
                                                Inspector General for the State of California

7

8

9                                                /s/ James C. Spurling
                                               _____
10                                              JAMES C. SPURLING
                                                Chief Counsel
11

12                                              Attorney for Defendants California Office of the
                                                Inspector General, Robert A. Barton, Row Wesley,
13                                              and Michael J. Maddox

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28