PHILLIP MURRAY, SBN 213352
DANIEL M. LINDSAY, SBN 142895
JAMES HARRISON, SBN 194979
JENNIFER RAGAN, SBN 191711
JUSTIN DELACRUZ, SBN 285274
**CALIFORNIA CORRECTIONAL**
**PEACE OFFICERS ASSOCIATION**
**LEGAL DEPARTMENT**
755 Riverpoint Drive, Suite 200
West Sacramento, California 95605-1634
Telephone: (916) 372-6060
Facsimile: (916) 340-9372

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYAN BLUE, JASON HASTEY, STEVEN OSCHNER, ARTHUR TOVAR, JAMES MCCLOUGHAN, CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA OFFICE OF THE INSPECTOR GENERAL; ROBERT A. BARTON, Inspector General, DOES 1-100,**<br><br>Defendants. | No. 2:15-CV-02656-KJM-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**<br><br>Date: February 12, 2016<br>Time: 10:00 AM<br>Judge: Honorable Kimberly J. Mueller<br>Location: 501 I Street, 15th Floor, Courtroom 3<br>Sacramento, CA 95814 |

I. **INTRODUCTION**

Plaintiffs Bryan Blue, Jason Hastey, Steven Oschner, Arthur Tovar, James McCloughan and the California Correctional Peace Officers Association ("CCPOA") (collectively, "Plaintiffs") seek an order remanding this case to the Superior Court of Sacramento County on the grounds that no federal claims exist and that the interests of economy, convenience, fairness, and comity are best served by remand. Plaintiffs' original complaint alleged claims arising under

state and federal law.  Since that time, Plaintiffs have filed a First Amended Complaint ("FAC") alleging only state law claims.  (ECF No. 9.)  In particular, the FAC seeks injunctive and declaratory relief against Defendants OIG and Inspector General Robert A. Barton (collectively "Defendants"), for violations of state statutes.  Defendants have informed Plaintiffs that Defendants intend to oppose the motion stating that Defendants wanted the remaining issues decided by this Court.  However, no independent basis for federal jurisdiction exists and the matter should be remanded to the state court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2015, Plaintiffs initiated this action against Defendant the California Office of the Inspector General ("OIG"), Defendant Inspector General Robert A. Barton, the California Department of Corrections and Rehabilitation ("CDCR"), Secretary of CDCR Jeffrey Beard[1], Chief Deputy Inspector General Roy Wesley and Deputy Inspector General Michael Maddox in the Sacramento Superior Court.  The crux of Plaintiffs' initial claims were that OIG, CDCR, and their agents acted in concert in denying Plaintiffs Blue, Hastey, Oschner, Tovar and McCloughan (collectively, the "Officer Plaintiffs") their rights under the Public Safety Officers Procedural Bill of Rights Act ("POBRA") and in violating Plaintiffs Hastey, Oschner, Tovar and McCloughan rights under the Fourth Amendment.  These denials and violations occurred while OIG was conducting a "review" of High Desert State Prison which was initiated by the California Senate Rules Committee.

On December 15, 2015, Plaintiffs filed a motion for preliminary injunction setting the hearing for January 11, 2016.  On December 23, 2015, CDCR and former CDCR Secretary Beard, with the consent of all defendants, removed this case to this Court.  (ECF Nos. 1 and 3.) On December 30, 2015, CDCR and former CDCR Secretary Beard moved to dismiss Plaintiff's complaint setting the matter on February 12, 2016.  (ECF No. 6.)  On that same day, Defendant OIG, Defendant Barton, Roy Wesley, and Michael Maddox filed an answer to the complaint.  (ECF No. 7.)  On January 8, 2016, Defendant OIG and Defendant Barton, Roy Wesley, and Michael Maddox filed a Notice of Related Case.  (ECF No. 8.)

---

[1] Since the initiation of this action Jeffrey Beard has retired and has been succeeded by Scott Kernan.

Plaintiffs filed the FAC on January 12, 2016. (ECF No. 9.) The FAC alleges four causes of action all against Defendants OIG and Barton. In particular, the FAC seeks: 1) an injunction based on Defendants' violation of POBRA, by denying the Officer Plaintiffs representation when Defendant OIG conducted its review; 2) declaratory relief as to who may make the determination of when punitive action could result under POBRA; 3) an injunction based on Defendants' violation of California Penal Code Sections 6127.3 and 6127.4, when Defendants issued defective administrative subpoenas to Plaintiffs Hastey, Oschner, Tovar, and McCloughan; and 4) declaratory relief as to what the term "due notice," located in California Penal Code section 6127.4, requires of Defendants when utilizing administrative subpoenas. There are no remaining federal claims and CDCR, its Secretary, Chief Deputy Inspector General Roy Wesley and Deputy Inspector General Maddox have all been voluntarily dismissed.

On January 13 and 14, Phillip Murray, Plaintiffs' counsel, conferred with James Spurling, Defendants' counsel, regarding the instant motion. (Ex. A at 2.) Murray informed Spurling that Plaintiffs seek to remand the case because there are no federal claims remaining. (*Id.*) In response, Spurling informed Murray that Defendants intend to oppose the motion on the ground that the Court should determine the issues. (*Id.*)

### III.   THE COURT SHOULD REMAND THIS CASE BECAUSE THERE ARE NO REMAINING FEDERAL CLAIMS.

#### A.   Legal Standard

A motion to remand for lack of subject matter jurisdiction may be brought any time before final judgment. 28 U.S.C. § 1447 (c). When removal, as here, is based on federal question, and the federal claim has been eliminated, the court may either retain, remand or dismiss supplemental state claims. *See Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 937–38 (9th Cir. 2003) ("[I]if state law claims are asserted as part of the same case or controversy with a federal claim, the district court has discretion to exercise supplemental jurisdiction over the remaining state law claims and the mandatory remand provision of the procedure after removal statute does not apply."). A court may decline to exercise supplemental

jurisdiction over state law claims when: 1) the claim raises a novel or complex issue of State law; 2) the state law claim substantially predominates over the federal claim; 3) all federal claims have been dismissed; or 4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

In addition to these factors, the values of economy, convenience, fairness, and comity should be considered. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). "Primary responsibility for developing and applying state law rests with state courts." *Richardson v. Apple Inc.*, No CIV S-12-2032-KJM-KJN, 2012 WL 5199162 at *2 (E.D. Cal. Oct. 19, 2012). "In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.3d 709, 715 (9th Cir. 1990) (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

      **B.**    **This Case Satisfies the Conditions Set Forth in 28 U.S.C. § 1367(c).**

After being served with a motion to dismiss and Defendants' Answer, Plaintiffs were informed of potential deficiencies and weaknesses in their asserted claims. As a result, Plaintiffs amended their complaint. The FAC alleges claims for injunctive and declaratory relief arising out of two factual circumstances: 1) the denial of representation during Defendant OIG's interviews in violation of POBRA and 2) Defendants' use of deficient administrative subpoenas. POBRA is a California statute that enumerates certain rights to California peace officers. As such, determination of the POBRA claims are matters of state law.

As to the administrative subpoenas, it was thought that the appropriate challenge was via a Fourth Amendment claim. This claim would have been grounded on the inability of the Officer Plaintiffs to challenge the validity of the subpoena prior to enforcement. *See California Restaurant Assn. v. Henning*, 173 Cal. App. 3d 1069 (1985) ("The Fourth Amendment also requires that there exist a mechanism by which validation, modification, or nullification of the subpoena can be judicially resolved, without penalty, before compliance with the subpoena can be exacted."); *Brovelli v. Superior Court*, 56 Cal. 2d 524, 529 ("[D]epartment heads cannot compel the production of evidence in disregard of the privilege against self- incrimination or the

constitutional provisions prohibiting unreasonable searches and seizures."). However, Plaintiffs have determined that the relevant issues with respect to the administrative subpoenas are: 1) whether "due notice" as used in California Penal Code § 6127.4 was given to Plaintiffs Hastey, Oschner, Tovar, and McCloughan when Deputy Inspector General Maddox presented administrative subpoenas to these Plaintiffs; and 2) whether "due notice" requires Defendants to follow the constraints of the California Code of Civil Procedure. These are solely state law matters.

Furthermore, Defendants have stated that they intend to file an anti-SLAPP motion against Plaintiffs pursuant to California Code of Civil Procedure sections 425.16 *et seq.* because they perceive Plaintiffs' lawsuit to be a strategic lawsuit against public participation. (ECF NO. 8, at 9.) As such, Plaintiffs' remaining claims and Defendants' future litigation strategy are solely grounded in state law and have the potential to raise novel issues. 28 U.S.C. § 1367(c)(1)–(3).

      C.     **Judicial Economy and Comity Support Remand.**

Currently, there are no pending matters before this Court with respect to this case. Previously, CDCR and the Secretary noticed hearing on their motion to dismiss. That motion is now moot as Plaintiffs' have voluntarily dismissed them from this case. Defendants assert that this case is related to the following cases: 1) *Armstrong, et al. v. Brown, et al.*, Case No. 4:94-cv-02307-CW (N.D. Cal.); 2) *Madrid, et al. v. Department of Correction, et al.*, Case No. 3:90-cv-03094-TEH (N.D. Cal.); 3) *Coleman, et al. v. Brown, et al.*, Case No. 2:90-cv-00520-KJM-KJN (E.D. Cal.); and 4) *CCPOA v. State of California, et al.*, Case No. 34-2015-00188266 (Sacramento Superior Court). (ECF No. 8.) Plaintiffs oppose the notion that these cases are in any way related to the instant case in that none of the characteristics defining a "related case" are present. (See Local Rule 123.) In addition, when elimination of the federal claim occurs early on or shortly after removal, remaining state law claims should be remanded rather than retained. As noted above, this case is in the early stages and there are no pending hearings scheduled or related cases. Judicial economy favors remand.

Determination of Plaintiffs' claims will affect interactions, duties, and rights between California state agencies and between California state agencies and California state employees.

In particular, determination of this case will affect when and under what circumstances Defendant OIG can interview Bargaining Unit Six members and what rights Bargaining Unit Six members have under those circumstances. As such, comity favors remand.

As this case is in the early stages, the Court has not had to invest a significant amount of time in becoming familiar with the state law issues at hand. Those issues are will affect the relationships of California state employers and California state employees. As such, the common law factors of judicial economy and comity favor remand.

## IV. CONCLUSION

There are no remaining federal claims, and, thus, 28 U.S.C. § 1367(c), the interests of judicial economy and comity favor remanding this case to the state court.

Respectfully submitted,

**CALIFORNIA CORRECTIONAL
PEACE OFFICERS ASSOCIATION
LEGAL DEPARTMENT**

Dated: 1-14, 2016

By: _____
Phillip Murray, Staff Legal Counsel