PHILLIP MURRAY, SBN 213352
DANIEL M. LINDSAY, SBN 142895
JAMES HARRISON, SBN 194979
JENNIFER RAGAN, SBN 191711
JUSTIN DELACRUZ, SBN 285274
**CALIFORNIA CORRECTIONAL**
**PEACE OFFICERS ASSOCIATION**
**LEGAL DEPARTMENT**
755 Riverpoint Drive, Suite 200
West Sacramento, California 95605-1634
Telephone:  (916) 372-6060
Facsimile:   (916) 340-9372

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYAN BLUE, JASON HASTEY, STEVEN OSCHNER, ARTHUR TOVAR, JAMES MCCLOUGHAN, CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA OFFICE OF THE INSPECTOR GENERAL; ROBERT A. BARTON, Inspector General, DOES 1-100,**<br><br>Defendants. | No.  2:15-CV-02656-KJM-CKD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF RELATED CASES** |

Pursuant to Local Rule 123, Plaintiffs Bryan Blue, Jason Hastey, Steven Oschner, Arthur Tovar, James McCloughan, and California Correctional Peace Officers Association ("CCPOA") file their response and opposition to the Notice of Related Cases filed by Defendants Office of Inspector General ("OIG") and Robert Barton (collectively, "Defendants").

The cases Defendants seek to relate are: (1) *Armstrong, et al. v. Brown, et al.*, United States District Court for the Northern District of California, Case No. 4:94-cv-02307-CW.;

1

(2) *Madrid, et al. v. Department of Corrections, et al*, United States District Court for the Northern District of California, Case No. 3:90-cv-03094-TEH (3) *Coleman, et al. v. Brown, et al*, United States District Court for the Eastern District of California, Case No. 2:90-cv-00520-KJM-KJN; and (4) *California Correctional Peace Officers Association v. State of California, Department of Corrections and Rehabilitation, Department of Human Resources,* Superior Court of the State of California for the County of Sacramento, Case No. 34-2015-00188266.

## OPPOSITION

The procedures for a Notice of Related Cases are set forth in Local Rule 123. Local Rule 123(b) requires that the notice set forth a brief statement of the relationship between the related cases and the reasons why assignment to a single Judge and/or Magistrate Judge is likely to effect a savings of judicial efforts and economies. While OIG asserts its conclusion that the cases are related, it does not support this conclusion with any description of how the cases are related other than that some of the issues raised in the *Madrid, Coleman,* and *Armstrong* cases were the subject of OIG's recent investigation at High Desert State Prison ("HDSP'). OIG's argument collapses under its own weight. The instant case does not implicate what OIG investigates or why it investigates or any of the issues it may investigate. The limited issues in this case are the contention that: (1) OIG must adhere to California's Public Safety Officer Procedural Bill of Rights Act ('POBRA") when it interviews peace officers employed by the California Department of Corrections and Rehabilitation ("CDCR") in an interview that risks potential punitive action for the officer; and (2) when using administrative subpoenas to compel an interview, OIG must provide due notice of the time and place of attendance upon the person. In short, the instant cases does not address the issues OIG investigated; it addresses only the *manner* in which OIG interviewed the Plaintiff correctional officers.

Local Rule 123 (a) provides that cases are related if (1) the cases involve the same parties and are based upon the same or similar claim; (2) the cases involve the same property, transaction, or event; (3) the cases involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or (4) for

2

Plaintiffs' Opposition to Defendants' Notice of Related Cases
Blue, et al. v. California Office of the Inspector General, et al. Case No. 2:15-cv-02656

other reasons that would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

### 1. The Cases Do Not Involve the Same Parties and Are Not Based upon the Same or Similar Claim

None of the four related cases involve the same parties. Neither of the Defendants are parties to any of the four cases. Moreover, the issues in the instant case address Defendants' violation of California Penal Code §§ 6126.5(d), 6127.3, and 6127.4 and do not implicate the complex federal issues involved in *Armstrong, Madrid,* and *Coleman*, which involved the State of California's treatment of inmates. The focused issues in the instant case are whether Defendant OIG unlawfully denied the Plaintiff correctional officers their rights under California's Public Safety Officers Procedural Bill of Rights Act ("POBRA") and whether OIG issued duly noticed subpoenas. The determination of these issues does not go to OIG's authority or ability to carry out its review and investigative functions as set forth in the California Penal Code.

### 2. The Cases Do Not Involve the Same Property, Transaction, or Event

Only one of the four cases involves the same event. The current motion before the Sacramento Superior Court in *Correctional Peace Officers Association v. State of California, Department of Corrections and Rehabilitation, Department of Human Resources* involves the interviews of Plaintiff correctional officers. Plaintiff CCPOA filed the grievance against the California Department of Corrections and Rehabilitation ("CDCR"). CDCR was a named as a Defendant in Plaintiffs' original complaint, but was not named so in Plaintiffs' Amended Complaint filed January 12, 2016. Accordingly, CDCR is no longer a party to this action.

### 3. The Cases Do Not Involve Similar Questions of Fact and the Same Question of Law

The issues in the instant case are very specific. Plaintiffs ask for injunctive and declaratory relief to determine their rights and obligations under California Penal Code §§ 6126.5(d), 6127.3 and 6127.4, specifically what rights and obligations do the parties have when OIG interviews CDCR officers in investigations and reviews. The *Armstrong, Madrid,* and *Coleman* cases addressed inmate rights and CDCR treatment of inmates. That some of the issues raised in these

3

Plaintiffs' Opposition to Defendants' Notice of Related Cases
Blue, et al. v. California Office of the Inspector General, et al. Case No. 2:15-cv-02656

cases were similar to the issues OIG investigated in its review of HDSP is not relevant. The issues in the instant case do not address the topics or issues OIG investigates. The instant case focuses solely upon the *manner* in which OIG interviews CDCR peace officers during investigations. The Superior Court action in *California Correctional Peace Officers Association v. State of California, Department of Corrections and Rehabilitation, Department of Human Resources* is a motion to compel arbitration between CCPOA and CDCR over a grievance and as such is a labor-relations issue addressing whether CDCR violated its Memorandum of Understanding with CCPOA when it ordered Plaintiff correctional officers to interview with OIG without a representative.

### 4.  Noticing the Related Cases Will Not Prevent Duplication

As stated above, the related cases involve completely different parties and involve completely different issues of law and fact. There will be no duplication of judicial resources.

Respectfully submitted,

**CALIFORNIA CORRECTIONAL
PEACE OFFICERS ASSOCIATION
LEGAL DEPARTMENT**

Dated: 1-14, 2016         By: _____
                                Phillip Murray, Staff Legal Counsel

4

Plaintiffs' Opposition to Defendants' Notice of Related Cases
Blue, et al. v. California Office of the Inspector General, et al. Case No. 2:15-cv-02656