ROBERT A. BARTON
Inspector General
JAMES C. SPURLING, State Bar No. 109432
Chief Counsel
SHAUN R. SPILLANE, State Bar No. 258604
Attorney
  10111 Old Placerville Road, Suite 110
  Sacramento, CA 95827
  Telephone: (916) 255-1102
  Fax: (916) 255-1403
  Email: spurlingj@oig.ca.gov

Attorney for Defendants
California Office of the Inspector General, Robert A. Barton

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BLUE, et al. | Case No.: 2:15-cv-02656-KJM-CKD |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| CALIFORNIA OFFICE OF THE INSPECTOR GENERAL, et al., | Judge:      Hon. Kimberly J. Mueller |
| Defendants. | Courtroom:  3 |
| | Trial Date: None |
| | Action Filed: 11/24/2015 |

Defendants California Office of the Inspector General (OIG) and Robert A. Barton (Defendants) answer Plaintiffs' First Amended Complaint (Doc. 9) filed on January 12, 2016, as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendants deny Plaintiffs' characterization of the case. Defendants admit they did not permit Plaintiffs Bryan Blue, Jason Hastey, Steven Oschner, Arthur Tovar, or James McCloughan to have representatives during interviews the OIG conducted during its Senate-authorized review of policies and practices at High Desert State Prison in Susanville, California. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

2.      Answering Paragraph 2 of the Complaint, Defendants admit they chose to interview Plaintiffs Blue, Hastey, Oschner, Tovar, and McCloughan because they previously worked at High Desert State Prison. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that they informed some CDCR correctional officers that the interviews were voluntary; that Blue declined to interview; and that administrative subpoenas were issued to some CDCR correctional officers. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

4.      Answering Paragraph 4 of the Complaint, Defendants admit that they permitted some officers employed by CDCR to have representatives during interviews; that Blue at first refused to voluntarily participate in the interview; and that Tovar, Hastey, Oschner, and McCloughan were not permitted to have representatives during their interviews with the OIG. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

5.      Answering Paragraph 5 of the Complaint, Defendants admit that California's Public Safety Officer Bill of Rights Act (POBRA) is codified in California Government Code section 3300 et seq.; and that California Penal Code section 6126.5(d) states, "The Inspector General may require any employee of the Department of Corrections and Rehabilitation to be interviewed on a confidential basis. Any employee requested to be interviewed shall comply and shall have time afforded by the appointing authority for the purpose of an interview with the Inspector General or his or her designee. The Inspector General shall have the discretion to redact the name or other identifying information of any person interviewed from any public report issued by the Inspector General, where required by law or where the failure to redact the information may hinder prosecution or an action in a criminal, civil, or administrative proceeding, or where the Inspector General determines that disclosure of the information is not in the interests of justice. It is not the purpose of these communications to address disciplinary action or grievance procedures that may routinely occur. If it appears that the facts of the case could lead to punitive action, the Inspector General shall be subject to Sections 3303, 3307, 3307.5, 3308, 3309, and subdivisions (a) to (d), inclusive, of Section 3309.5 of the Government

Defendants' Answer to Plaintiffs' First Amended Complaint; Demand for Jury Trial
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

1  Code as if the Inspector General were the employer, except that the Inspector General shall not
2  be subject to the provisions of any memorandum of understanding or other agreement entered
3  into between the employing entity and the employee or the employee's representative that is in
4  conflict with, or adds to the requirements of, Sections 3303, 3307, 3307.5, 3308, 3309, and
5  subdivisions (a) to (d), inclusive, of Section 3309.5 of the Government Code." Except as so
6  admitted, Defendants deny each and every allegation contained in said paragraph.

7        6.     Answering Paragraph 6 of the Complaint, Defendants admit that they published a
8  report in December 2015 entitled "2015 Special Review: High Desert State Prison Susanville,
9  CA;" and that the report includes the statement: "The OIG did not permit these employees a
10 representative." Except as so admitted, Defendants deny each and every allegation contained in
11 said paragraph.

## JURISDICTION, VENUE, AND PARTIES

13       7.     Answering Paragraph 7 of the Complaint, Defendants admit all allegations
14 therein.

## PARTIES

16       8.     Answering Paragraph 8 of the Complaint, Defendants admit Plaintiff California
17 Correctional Peace Officers Association (CCPOA) is the exclusive bargaining representative of
18 state employees in Bargaining Unit Six, which includes employees in the correctional officer
19 classification. Defendants are without sufficient knowledge or information to form a belief as to
20 the truth of the remainder of the allegations contained in said paragraph, and on that basis, except
21 as specifically admitted or denied above, Defendants deny each and every allegation in said
22 paragraph.

23       9.     Answering Paragraph 9 of the Complaint, Defendants are without sufficient
24 knowledge or information to form a belief as to the truth of the allegation that Plaintiff Bryan
25 Blue is a member of CCPOA, and on that basis deny this allegation. Defendants deny POBRA
26 guarantees Blue any rights under the facts that give rise to this action. Except as so denied,
27 Defendants admit each and every allegation contained in said paragraph.
28 / / /

1    10.     Answering Paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Jason Hastey is a member of CCPOA, and on that basis deny this allegation. Defendants deny POBRA guarantees Hastey any rights under the facts that give rise to this action. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

11.     Answering Paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Arthur Tovar is a member of CCPOA, and on that basis deny this allegation. Defendants deny POBRA guarantees Tovar any rights under the facts that give rise to this action. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

12.     Answering Paragraph 12 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Steven Oschner is a member of CCPOA, and on that basis deny this allegation. Defendants deny POBRA guarantees Oschner any rights under the facts that give rise to this action. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

13.     Answering Paragraph 13 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff James McCloughan is a member of CCPOA, and on that basis deny this allegation. Defendants deny POBRA guarantees McCloughan any rights under the facts that give rise to this action. Except as so denied, Defendants admit each and every allegation contained in said paragraph.

14.     Answering Paragraph 14 of the Complaint, Defendants admit the OIG is a California state agency responsible for contemporaneous oversight of internal affairs investigations and the disciplinary process of CDCR, pursuant to California Penal Code Section 6133 under policies developed by the Inspector General; and, when requested by the Governor, the Senate Committee on Rules, or the Speaker of the Assembly, the Inspector General is required to review policies, practices, and procedures of CDCR. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

/ / /

15. Answering Paragraph 15 of the Complaint, Defendants admit all allegations therein.

**<u>FACTUAL ALLEGATIONS</u>**

16. Answering Paragraph 16 of the Complaint, Defendants admit California Penal Code section 6126.5(d) states:

> The Inspector General may require any employee of the Department of Corrections and Rehabilitation to be interviewed on a confidential basis. Any employee requested to be interviewed shall comply and shall have time afforded by the appointing authority for the purpose of an interview with the Inspector General or his or her designee. The Inspector General shall have the discretion to redact the name or other identifying information of any person interviewed from any public report issued by the Inspector General, where required by law or where the failure to redact the information may hinder prosecution or an action in a criminal, civil, or administrative proceeding, or where the Inspector General determines that disclosure of the information is not in the interests of justice. It is not the purpose of these communications to address disciplinary action or grievance procedures that may routinely occur. If it appears that the facts of the case could lead to punitive action, the Inspector General shall be subject to Sections 3303, 3307, 3307.5, 3308, 3309, and subdivisions (a) to (d), inclusive, of Section 3309.5 of the Government Code as if the Inspector General were the employer, except that the Inspector General shall not be subject to the provisions of any memorandum of understanding or other agreement entered into between the employing entity and the employee or the employee's representative that is in conflict with, or adds to the requirements of, Sections 3303, 3307, 3307.5, 3308, 3309, and subdivisions (a) to (d), inclusive, of Section 3309.5 of the Government Code.

Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

17. Answering Paragraph 17 of the Complaint, Defendants admit California Penal Code section 6126.5(d) states:

> The Inspector General may require any employee of the Department of Corrections and Rehabilitation to be interviewed on a confidential basis. Any employee requested to be interviewed shall comply and shall have time afforded by the appointing authority for the purpose of an interview with the Inspector General or his or her designee. The Inspector General shall have the discretion to redact the name or other identifying information of any person interviewed from any public report issued by the Inspector General, where required by law or where the failure to redact the information may hinder prosecution or an action in a criminal, civil, or administrative proceeding, or where the Inspector General determines that disclosure of the information is not in the interests of justice. It is not the purpose of these communications to address disciplinary action or grievance procedures that may routinely occur. If it appears that the facts of the case could lead to punitive action, the Inspector General shall be subject to Sections 3303, 3307, 3307.5, 3308, 3309, and subdivisions (a) to (d), inclusive, of Section 3309.5 of the Government Code as if the Inspector General were the employer, except that the Inspector General shall not be subject to the provisions of any memorandum of understanding or other agreement entered into between the employing entity and the employee or the employee's representative that is in

conflict with, or adds to the requirements of, Sections 3303, 3307, 3307.5, 3308, 3309, and subdivisions (a) to (d), inclusive, of Section 3309.5 of the Government Code.

Defendants further admit that California Government Code section 3303(i) states:

> Upon the filing of a formal written statement of charges, or whenever an interrogation focuses on matters that are likely to result in punitive action against any public safety officer, that officer, at his or her request, shall have the right to be represented by a representative of his or her choice who may be present at all times during the interrogation. The representative shall not be a person subject to the same investigation. The representative shall not be required to disclose, nor be subject to any punitive action for refusing to disclose, any information received from the officer under investigation for noncriminal matters. [¶] This section shall not apply to any interrogation of a public safety officer in the normal course of duty, counseling, instruction, or informal verbal admonishment by, or other routine or unplanned contact with, a supervisor or any other public safety officer, nor shall this section apply to an investigation concerned solely and directly with alleged criminal activities.

Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

18.   Answering Paragraph 18 of the Complaint, Defendants admit on October 13, 2015, Harman Sufi, a deputy inspector general employed by the OIG, interviewed two correctional officers at California State Prison, Los Angeles County. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Robert Davis is the president of the California State Prison, Los Angeles County CCPOA chapter, and on that basis deny this allegation. Defendants admit officers Rodriguez and Rosales were represented by an individual identified as "officer Davis" during the October 13, 2015 interviews, but are without sufficient knowledge or information to form a belief as to the truth of the allegation that officer Davis's first name is Robert, and on that basis deny this allegation. Except as expressly admitted or denied, Defendants admit each and every allegation contained in said paragraph.

19.   Answering Paragraph 19 of the Complaint, Defendants admit Deputy Inspector General Michael Maddox interviewed Ironwood State Prison (ISP) correctional officer Bryan Blue on October 15, 2015. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Blue reported for the interview at approximately 6:30 a.m. with CCPOA Staff Legal Counsel Phillip Murray, and on that basis deny this allegation. Defendants admit Murray was with Blue when Maddox arrived at ISP on October 15, 2015;

1   Murray asked Maddox if the interview was voluntary; Maddox stated the interview was
2   voluntary; and Blue declined to interview after being told the interview was voluntary. Except as
3   expressly admitted or denied, Defendants deny each and every allegation contained in said
4   paragraph.

5   20. Answering Paragraph 20 of the Complaint, Defendants admit Chief Deputy
6   Inspector General Roy Wesley called ISP Warden Neil McDowell on October 15, 2015; that
7   when Maddox returned to the institution, he met Murray in a hallway; Maddox informed Murray
8   that he would be interviewing Blue and that Blue would not be permitted to have a representative
9   during the interview; Maddox informed Murray that his superior instructed him not to permit
10  Blue to have a representative during the interview; and that Maddox interviewed Blue without a
11  representative. Defendants deny Wesley ordered McDowell to compel Blue's participation in the
12  interview. Defendants are without sufficient knowledge or information to form a belief as to the
13  truth of the remainder of the allegations contained in said paragraph, and on that basis, except as
14  specifically admitted, Defendants deny each and every allegation in said paragraph.

15  21. Answering Paragraph 21 of the Complaint, Defendants admit that after Blue's
16  October 15, 2015 interview, Murray and another officer spoke with Maddox. Except as expressly
17  admitted, Defendants deny each and every allegation contained in said paragraph.

18  22. Answering Paragraph 22 of the Complaint, Defendants admit Maddox
19  interviewed correctional officer Arthur Tovar and correctional sergeant Jason Hastey on October
20  29, 2015 at California Correctional Center (CCC) in Susanville, California; Maddox did not
21  permit Tovar to have a representative during the interview; an individual named officer Granfield
22  asked Maddox if the interview was voluntary; Granfield informed Maddox that he wanted to be
23  Tovar's representative; and Maddox stated the interview was voluntary, but if Tovar refused to
24  participate, Maddox would serve Tovar with a subpoena. Except as so admitted, Defendants deny
25  each and every allegation contained in said paragraph.

26  23. Answering Paragraph 23 of the Complaint, Defendants admit Maddox
27  interviewed Tovar; Tovar requested a representative; Maddox stated that Tovar could not have a
28  representative during the interview; Maddox declined Tovar's request to record the interview;

1  Tovar asked Maddox if the interview was voluntary; Maddox stated the interview was voluntary,
2  but if Tovar refused, Maddox would serve him with a subpoena; Maddox served Tovar with a
3  subpoena; Tovar read a statement that indicated he was not waiving specified constitutional
4  rights or specified rights under state law; and Maddox did not permit Tovar to have a
5  representative during the interview. Except as so admitted, Defendants deny each and every
6  allegation contained in said paragraph.

7  24.  Answering Paragraph 24 of the Complaint, Defendants admit Maddox
8  interviewed correctional sergeant Jason Hastey on October 29, 2015; Maddox informed Hastey
9  that the OIG was conducting a review of potential issues; Hastey requested a subpoena; Maddox
10 turned off his recording device and served Hastey with an administrative subpoena; Hastey
11 requested a representative; Maddox told Hastey he could not have a representative; Hastey stated
12 he did not know what the interview was about; Hastey stated that he believed the interview may
13 or may not adversely affect his employment; Hastey stated that he believed he was entitled to a
14 representative; Maddox did not permit Hastey to have a representative during the interview; and
15 after the interview, Hastey complained that he was not permitted to have a representative. Except
16 as so admitted, Defendants deny each and every allegation contained in said paragraph.

17 25.  Answering Paragraph 25 of the Complaint, Defendants admit Maddox
18 interviewed correctional officer Steven Oschner on October 30, 2015 at Salt Creek Conservation
19 Camp in Paskenta, California; when Maddox arrived, Oschner was already present along with
20 CCPOA Staff Legal Counsel Phillip Murray and Justin Delacruz; Maddox told Murray that
21 Oschner was not entitled to a representative during the interview; Murray asked Maddox if the
22 interview was voluntary; Maddox stated the interview was voluntary, but if Oschner refused,
23 Maddox would serve him with a subpoena; when Oschner declined to participate in the interview
24 voluntarily, Maddox served him with an administrative subpoena; after Murray stated his
25 position that Oschner was entitled to a representative, Maddox disagreed and indicated he was
26 following orders from his superiors; Maddox stated that Oschner could not have a representative;
27 Maddox did not permit Oschner to record the interview; Maddox interviewed Oschner without a
28 representative; Oschner stated at the beginning of the interview that he asked for representation

before the interview took place for fear of punitive action at a later time; Oschner read a statement that indicated he was not waiving specified constitutional rights or specified rights under state law; and after Oschner read his statement, Maddox interviewed Oschner. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

26. Answering Paragraph 26 of the Complaint, Defendants admit Maddox interviewed correctional officer James McCloughan on November 2, 2015 at Washington Ridge Conservation Camp in Nevada City, California; McCloughan was with attorney Douglas Foley when Maddox arrived; Foley asked Maddox if McCloughan's participation was voluntary; Maddox stated McCloughan's participation was voluntary, but if McCloughan refused to participate, Maddox would serve him with a subpoena; Foley explained he had been retained by CCPOA to represent McCloughan; after speaking with Foley, Maddox called one of Maddox's superiors; Maddox informed Foley that he would not be permitted to be in the room during the interview; and Maddox interviewed McCloughan without a representative. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

27. Answering Paragraph 27 of the Complaint, Defendants admit on November 4, 2015, OIG Chief Counsel James Casey Spurling took the deposition of retired High Desert State Prison correctional officer Michael Jones pursuant to an administrative subpoena issued on October 19, 2015; the deposition was related to the OIG's Senate-authorized review of policies and practices at High Desert State Prison; and Spurling allowed CCPOA Legal Counsel Phillip Murray and Justin Delacruz to be present during the deposition. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

28. Answering Paragraph 28 of the Complaint, Defendants admit the OIG published a report in December 2015 entitled "2015 Special Review: High Desert State Prison Susanville, CA;" and that page 49 of the report contains the following statements: "The OIG learned of several allegations of misconduct involving HDSP staff and urged both HDSP and CDCR's Office of Internal Affairs to take action. The cases described below are examples of staff misconduct allegations the HDSP hiring authority did not refer for investigation, and would not

///

have been investigated, but for this review." Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

**FIRST CAUSE OF ACTION**

29. Answering Paragraph 29 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

30. Answering Paragraph 30 of the Complaint, Defendants admit they determined that no punitive action could result from the interviews. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

31. Answering Paragraph 31 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that CDCR ordered Bryan Blue to participate in the interview, and on that basis deny this allegation. Defendants admit Blue was not permitted to have a representative during his interview with Maddox. Except as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

32. Answering Paragraph 32 of the Complaint, Defendants admit Maddox served Tovar with an administrative subpoena and Tovar was not permitted to have a representative during his interview with Maddox. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

33. Answering Paragraph 33 of the Complaint, Defendants admit Maddox served Hastey with an administrative subpoena and Hastey was not permitted to have a representative during his interview with Maddox. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

34. Answering Paragraph 34 of the Complaint, Defendants admit Maddox served Oschner with an administrative subpoena and Oschner was not permitted to have a representative during his interview with Maddox. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

35. Answering Paragraph 35 of the Complaint, Defendants admit Maddox served McCloughan with an administrative subpoena and McCloughan was not permitted to have a

representative during his interview with Maddox. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

36. Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

37. Answering Paragraph 37 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

38. Answering Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

39. Answering Paragraph 39 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

40. Answering Paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

41. Answering Paragraph 41 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

42. Answering Paragraph 42 of the Complaint, Defendants admit California Penal Code section 6127.3 states:

> (a) In connection with duties authorized pursuant to this chapter, the Office of the Inspector General may do any of the following:
> (1) Administer oaths.
> (2) Certify to all official acts.
> (3) Issue subpoenas for the attendance of witnesses and the production of papers, books, accounts, or documents in any medium, or for the making of oral or written sworn statements, in any interview conducted pursuant to duties authorized by this chapter.
> (b) Any subpoena issued under this chapter extends as process to all parts of the state and may be served by any person authorized to serve process of courts of record or by any person designated for that purpose by the office. The person serving this process may receive compensation as is allowed by the office, not to exceed the fees prescribed by law for similar service.

1  Defendants admit California Penal Code section 6127.4 states:

> (a) The superior court in the county in which any interview is held under the direction of the Inspector General, or his or her designee, pursuant to duties authorized by this chapter has jurisdiction to compel the attendance of witnesses, the making of oral or written sworn statements, and the production of papers, books, accounts, and documents, as required by any subpoena issued by the office.
> (b) If any witness refuses to attend or testify or produce any papers required by the subpoena, the Inspector General, or his or her designee, may petition the superior court in the county in which the hearing is pending for an order compelling the person to attend and answer questions under penalty of perjury or produce the papers required by the subpoena before the person named in the subpoena. The petition shall set forth all of the following:
> (1) That due notice of the time and place of attendance of the person or the production of the papers has been given.
> (2) That the person has been subpoenaed in the manner prescribed in this chapter.
> (3) That the person has failed and refused to attend or produce the papers required by subpoena before the office as named in the subpoena, or has refused to answer questions propounded to him or her in the course of the interview under penalty of perjury.
> (c) Upon the filing of the petition, the court shall enter an order directing the person to appear before the court at a specified time and place and then and there show cause why he or she has not attended, answered questions under penalty of perjury, or produced the papers as required. A copy of the order shall be served upon him or her. If it appears to the court that the subpoena was regularly issued by the Inspector General, or his or her designee, the court shall enter an order that the person appear before the person named in the subpoena at the time and place fixed in the order and answer questions under penalty of perjury or produce the required papers. Upon failure to obey the order, the person shall be dealt with as for contempt of court.

Except as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

43. Answering Paragraph 43 of the Complaint, Defendants admit Deputy Inspector General Michael Maddox served Plaintiff Arthur Tovar with an administrative subpoena on October 29, 2015. Except as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

44. Answering Paragraph 44 of the Complaint, Defendants admit Deputy Inspector General Michael Maddox served Plaintiff Jason Hastey with an administrative subpoena on October 29, 2015. Except as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

45. Answering Paragraph 45 of the Complaint, Defendants admit Deputy Inspector General Michael Maddox served Plaintiff Steven Oschner with an administrative subpoena on

October 30, 2015. Except as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

46. Answering Paragraph 46 of the Complaint, Defendants admit Deputy Inspector General Michael Maddox served Plaintiff James McCloughan with an administrative subpoena on November 2, 2015. Except as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

47. Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

48. Answering Paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

49. Answering Paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

## **FOURTH CAUSE OF ACTION**

50. Answering Paragraph 50 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

51. Answering Paragraph 51 of the Complaint, Defendants admit California Penal Code section 6127.4 states:

> (a) The superior court in the county in which any interview is held under the direction of the Inspector General, or his or her designee, pursuant to duties authorized by this chapter has jurisdiction to compel the attendance of witnesses, the making of oral or written sworn statements, and the production of papers, books, accounts, and documents, as required by any subpoena issued by the office.
> (b) If any witness refuses to attend or testify or produce any papers required by the subpoena, the Inspector General, or his or her designee, may petition the superior court in the county in which the hearing is pending for an order compelling the person to attend and answer questions under penalty of perjury or produce the papers required by the subpoena before the person named in the subpoena. The petition shall set forth all of the following:
> (1) That due notice of the time and place of attendance of the person or the production of the papers has been given.
> (2) That the person has been subpoenaed in the manner prescribed in this chapter.
> (3) That the person has failed and refused to attend or produce the papers required by subpoena before the office as named in the subpoena, or has refused to answer questions propounded to him or her in the course of the interview under penalty of perjury.
> (c) Upon the filing of the petition, the court shall enter an order directing the person to appear before the court at a specified time and place and then and there

show cause why he or she has not attended, answered questions under penalty of perjury, or produced the papers as required. A copy of the order shall be served upon him or her. If it appears to the court that the subpoena was regularly issued by the Inspector General, or his or her designee, the court shall enter an order that the person appear before the person named in the subpoena at the time and place fixed in the order and answer questions under penalty of perjury or produce the required papers. Upon failure to obey the order, the person shall be dealt with as for contempt of court.

Except as so admitted or denied, Defendants deny each and every allegation contained in said paragraph.

52. Answering Paragraph 52 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

53. Answering Paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

## **LEAVE TO AMEND**

54. Answering Paragraph 54 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations contained in said paragraph.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Defendants assert that at all relevant times, they acted within the scope of discretion, with due care, and in good faith in the fulfillment of their responsibilities pursuant to all applicable statutes, rules, regulations and practices; within their jurisdiction and authority; within the bounds of reason under all circumstances known; and with the good faith and reasonable belief that their actions comported with all applicable federal and state laws. Defendants therefore assert their immunity from liability.

### SECOND AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs' claims are barred, limited, and controlled by principles of immunity, including, but not limited to, absolute immunity, qualified immunity, sovereign

///

1  immunity, and applicable state law immunities, including, but not limited to California
2  Government Code §§ 815, 815.2, 818, 818.8, 820.2, 820.4, 820.8 and 821.6.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert that they have performed all obligations owed to Plaintiffs pursuant to any and all of the statutes described in Plaintiffs' Complaint, and that any deficiencies in performance were caused by Plaintiffs and/or other individuals or entities not named as a defendant in Plaintiffs' Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from any recovery against Defendants by reason of the doctrine of laches and undue delay in commencing this litigation.

### FIFTH AFFIRMATIVE DEFENSE

Defendants allege that at all relevant times their actions were reasonably tailored to accomplish legitimate business purposes, were in the performance of their statutory duties, and were in the furtherance of achieving legitimate penological goals and promoting the interests of public safety.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive and/or equitable relief are barred because Plaintiffs have an adequate remedy at law, there is no danger of irreparable harm, and there is no actual case or controversy.

### SEVENTH AFFIRMATIVE DEFENSE

By conduct, representations and omissions, Plaintiffs have waived, relinquished and/or abandoned, and are equitably estopped to assert, any claim for relief against Defendants respecting the matters that are the subject of the complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs consented to and approved all the acts and omissions about which Plaintiffs now complain. Accordingly, Plaintiffs are barred from pursuing this action.

///

///

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs, through their actions, inactions, and omissions, have failed to mitigate or attempt to mitigate their damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiffs must be diminished or barred by reason thereof.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust available administrative and judicial remedies, including, but not limited to, those afforded by California Government Code § 810, et seq., and California Code of Civil Procedure §§ 1987.1 and 2025.410, et seq.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants assert that any statement attributed to these Defendants set forth in Plaintiffs' Complaint may or may not be true and complete in all particulars, respects, and details.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff California Correctional Peace Officers Association lacks standing to bring an action under California's Public Safety Officers Procedural Bill of Rights Act, California Government Code section 3300 et seq. or Penal Code sections 6125 et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs' Complaint and the alleged causes of action therein, fail to state facts sufficient to constitute a cause of action as to them.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs have not been deprived of any rights, privileges, or immunities guaranteed by the laws or Constitution of the United States or the laws or Constitution of the State of California.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are not vicariously liable for any act or omission of any other person, by way of respondeat superior, agency, or otherwise.

### SIXTEENTH AFFIRMATIVE DEFENSE

Because Plaintiffs' Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable herein and accordingly, reserve the

right to assert additional affirmative defenses, if any, to the extent that such defenses are warranted.

## **PRAYER**

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by reason of the complaint, and that judgment be rendered in favor of Defendants and against Plaintiffs;

2. That Defendants be awarded attorneys' fees and costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Defendants respectfully demand that all issues of fact be tried before a jury.

Dated: January 26, 2016                Respectfully Submitted,

ROBERT A. BARTON
Inspector General for the State of California


 /s/ James C. Spurling
_____
JAMES C. SPURLING
Chief Counsel

Attorney for Defendants California Office of the Inspector General, Robert A. Barton