ROBERT A. BARTON
Inspector General
JAMES C. SPURLING, State Bar No. 109432
Chief Counsel
SHAUN R. SPILLANE, State Bar No. 258604
Attorney
  10111 Old Placerville Road, Suite 110
  Sacramento, CA 95827
  Telephone:  (916) 255-1102
  Fax:  (916) 255-1403
  Email: spurlingj@oig.ca.gov

Attorney for Defendants
California Office of the Inspector General, Robert A. Barton

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BLUE, et al. | Case No.: 2:15-cv-02656-KJM-CKD |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| CALIFORNIA OFFICE OF THE INSPECTOR GENERAL, et al., | Judge:      Hon. Kimberly J. Mueller
Courtroom: 3
Date:       February 12, 2016
Time:       10:00 AM |
| Defendants. | |

Defendants California Office of the Inspector General (OIG) and Robert A. Barton (Defendants) file this opposition to Plaintiffs' Motion to Remand (Doc. 10) filed on January 14, 2016 and request that the Court exercise its discretion in favor of retaining jurisdiction over the action.

## I. INTRODUCTION

Defendants oppose Plaintiffs' motion to remand as an improper attempt to manipulate the forum in which this action is adjudicated. Plaintiffs claim they amended their complaint due to ignorance of legal issues brought to their attention in a FRCP Rule 12(b)(6) motion to dismiss for failure to state a claim and an answer that were filed in response to their original complaint. Upon learning of these legal deficiencies, Plaintiffs contend they thought it unwise to proceed with their 42 U.S.C. § 1983 claim – the claim that served as the basis for the removal of this

1  action to federal court. Plaintiffs' rationale for dismissing the lone federal cause of action is
2  contradicted by their own pleadings and arguments; counsel's duties of due diligence; the highly
3  questionable timing of Plaintiffs' actions; and the implausibility of the justifications provided.
4  Plaintiffs' actions expose their true motivation in amending their complaint – to have this action
5  heard in state court rather than in federal court.

6  Although Plaintiffs have technically removed all references to federal sources of law from
7  the First Amended Complaint, their prior court filings in this case, when considered in
8  conjunction with the allegations and claims made in the amended complaint, indicate they intend
9  to rely on principles of federal law in the adjudication of this action. Plaintiffs argue that the right
10 to representation should be interpreted under federal case law interpreting the National Labor
11 Relations Act and that Defendants' administrative subpoenas denied their members the due
12 process-like rights of notice and the opportunity to be heard they claim are guaranteed under the
13 Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Moreover,
14 the claims Plaintiffs present in their First Amended Complaint are not so novel or complex that
15 the court should rely on the principles of comity in deciding whether to remand the case; there is
16 a plethora of California case law interpreting the right to representation and other state laws
17 Plaintiffs allege to have been violated in this case.

18 Finally, other compelling reasons weigh heavily in favor of this court's continued
19 exercise of jurisdiction over this action. This court has a significant interest in ensuring
20 California's provision of transparency in areas of constitutional concern that are currently subject
21 to federal court oversight in the *Armstrong* and *Coleman* class actions and were previously
22 subject to federal court oversight in the *Madrid* class action litigation. See Doc. 8 (Notice of
23 Related Cases). These courts have become intimately familiar with the CDCR's policies,
24 practices, and procedures concerning the delivery of health care, treatment of inmates and
25 discipline of CDCR employees. While Defendants here do not suggest that this case should be
26 joined or consolidated with those cases, this case has the potential to limit the OIG's ability to
27 provide effective oversight of the California Department of Corrections and Rehabilitation
28 (CDCR) and these issues, a matter which should be of grave concern to the federal court.

## II. **STATEMENT OF FACTS**

On November 24, 2015, Plaintiffs filed this action against the OIG, Inspector General Robert Barton, Roy Wesley, Michael Maddox (the OIG defendants), the California Department of Corrections and Rehabilitation (CDCR), and Secretary Jeffrey Beard (the CDCR defendants), alleging two causes of action against all defendants: (1) a violation of California Penal Code section 6126.5 and California Government Code section 3303; and (2) a 42 U.S.C. § 1983 claim for violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

On December 15, 2015, Plaintiffs filed a Motion for Preliminary Injunction, setting forth their contentions of entitlement to injunctive relief as well as the arguments and legal authority upon which they formed their belief that they had a strong likelihood of success on the merits. Declaration of Shaun R. Spillane in Support of Defendants' Opposition to Remand (Spillane Decl.), Exh. A (Plaintiffs' Points and Authorities in Supp. of Motion for Preliminary Injunction (Motion for Injunction)),[1] pp. 6-11. On December 23, 2015, the CDCR defendants, with the concurrence of the OIG defendants, removed the action to this court on the basis that this court had federal subject matter jurisdiction of the complaint pursuant to 28 U.S.C. §§ 1331 and 1441(a). Doc. 1, Doc. 3. Plaintiffs have not raised any defect with regard to the Notice of Removal. On December 30, 2015, the CDCR defendants filed a FRCP Rule 12(b)(6) Motion to Dismiss on the grounds that Plaintiffs had not set forth a cognizable claim against them and had failed to state facts sufficient to support a cognizable claim against them. Doc. 6. Later the same day, the OIG defendants filed an Answer to the complaint. Doc. 7. On January 8, 2016, the OIG defendants filed a Notice of Related Cases indicating their belief that this case was related to three other federal cases and one pending state court action on the grounds that the lawsuit is an attempt by Plaintiffs to chill independent oversight of matters involving alleged past, present, and

---

[1] Defendants request this court take judicial notice of this document under Federal Rule of Evidence 201, as it is document Plaintiffs previously filed in this action while pending in the Superior Court of the State of California for the County of Sacramento. As a court record, judicial notice is proper. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)

1 ongoing deprivations of the federal constitutional rights of inmates that are subject to federal
2 oversight in the three federal actions. Doc. 8.

3     On January 12, 2016, Plaintiffs filed a First Amended Complaint, in which they
4 dismissed their 42 U.S.C. § 1983 claim for violation of the Fourth, Fifth, Sixth, and Fourteenth
5 Amendments to the United States Constitution and removed CDCR, Beard, Wesley, and Maddox
6 as defendants. Doc. 9. Plaintiffs' First Amended Complaint names as defendants the OIG and
7 Inspector General Barton and alleges Defendants violated California Penal Code sections 6126.5,
8 6127.3, and 6127.4 and California Government Code section 3303, subdivision (i). Doc. 9. On
9 January 14, 2016, Plaintiffs filed a Motion to Remand the action back to state court on the basis
10 that because they dropped the section 1983 cause of action, this court no longer has subject
11 matter jurisdiction and the court should decline to exercise supplemental jurisdiction over the
12 complaint. Doc. 10.

### III. ARGUMENT

A.    Legal Standard

15     Although the dismissal of federal claims generally results in the remand or dismissal of
16 pendent state law claims, "this statement does not establish a mandatory rule to be applied
17 inflexibly in all cases." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364, 108 S. Ct. 614, 626,
18 98 L. Ed. 2d 720 (1988), citing *Rosado v. Wyman*, 397 U.S. 397, 403–405, 90 S.Ct. 1207, 1213–
19 14, 25 L.Ed.2d 442 (1970). In determining whether to retain or remand remaining state law
20 claims, courts primarily balance the statutory factors set forth by 28 U.S.C. § 1367(c), and
21 consider the common law factors, with no single factor being dispositive. *Enochs v. Lampasas*
22 *Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011), citing *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th
23 Cir.2008). The statutory factors are: (1) whether the state claims raise novel or complex issues of
24 state law; (2) whether the state claims substantially predominate over the federal claims; (3)
25 whether the federal claims have been dismissed; and (4) whether there are exceptional
26 circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The
27 common law factors include economy, convenience, fairness, and comity. *Imagineering, Inc. v.*
28 *Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992).

B. <u>The Statutory Factors Set Forth By 28 U.S.C. § 1367(c) and Principles of Fairness, Economy, and Convenience Weigh in Favor of the Court's Exercise of Jurisdiction over Plaintiffs' State Law Claims</u>

### 1. **Plaintiffs' Claims Do Not Involve Novel or Complex Issues of State Law**

Plaintiffs' four causes of action involve allegations that Defendants' (1) denial of representation to Plaintiffs during their informational interviews violated California Penal Code section 3303(i); and (2) issuance of administrative subpoenas did not comply with California Penal Code sections 6127.3 and 6127.4. Doc. 9 (First Amended Complaint (FAC)), at ¶¶ 29-53. Neither of these issues is sufficiently novel or complex to warrant a mandatory remand to state court.

The right to representation under California Penal Code section 3303 has been the subject of numerous state court decisions. See, e.g., *Lybarger v. City of Los Angeles*, 40 Cal. 3d 822, 710 P.2d 329 (1985); *City of Los Angeles v. Superior Court*, 57 Cal. App. 4th 1506, 67 Cal. Rptr. 2d 775 (1997); *Steinert v. City of Covina*, 146 Cal. App. 4th 458, 53 Cal. Rptr. 3d 1, 1 (2006). These cases all involve challenges by peace officers who claimed they were denied their right (or were not advised of their right) to representation during interviews and were disciplined by their employers for statements made during those interviews. In each case, the court applied the language of Penal Code section 3303 and made a determination whether each officer's rights were triggered during the individual factual circumstances of each officer's interview. These decisions, as well as others, provide this Court with sufficient direction and guidance to make a determination regarding Plaintiffs' claims that they were entitled to representation during their informational interviews with representatives of the Office of the Inspector General.

Similarly, the alleged insufficiency of the OIG's administrative subpoenas presents no significant issue concerning state policy, interest or impact that warrants federal abstention. Federal abstention is "an *extraordinary and narrow exception* to the duty of a district court to adjudicate a controversy properly before it." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728, 116 S. Ct. 1712, 1727 (1996) (emphasis added; internal quotes omitted); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359, 109 S. Ct. 2506, 2513 (1989) (circumstances in which abstention is proper are "carefully defined" and "remain the exception,

not the rule".) Here, there is no vital state interest at stake that mandates remand to state court. Moreover, the legal issue with regard to the challenge involving the use of administrative subpoenas is not complex. Plaintiffs contend the OIG is required to comply with the time restraints set forth in the California Code of Civil Procedure when serving administrative subpoenas. Doc. 9 (FAC), at ¶ 51. California Code of Civil Procedure section 2020.220, subdivision (a), sets forth the amount of notice required when serving subpoenas compelling the personal attendance of witnesses. Accordingly, the Court will not be breaking new ground when resolving the third and fourth causes of action.

> **2. Plaintiffs' Selective Pleading Seeks to Diminish the Extent to Which They Allege Federal Law Controls the Adjudication of the Issues in this Case**

Although Plaintiffs have removed all references to federal sources of law as the bases for the causes of action pled in the First Amended Complaint, they have injected a substantial number of federal principles into the adjudication of their causes of action. Specifically, in their attempt to obtain an injunction prior to removal of this action, Plaintiffs claimed California Government Code section 3303 incorporates principles of federal labor law that entitle them to representation any time a peace officer reasonably believes an interview will result in disciplinary action. Spillane Decl., Exh. A. (Motion for Injunction), at p. 8. As CCPOA argued therein, and will undoubtedly re-argue in the event the action is remanded to state court,

> Section 3303(i) is modeled upon the concept of employee representation put forward by the United States Supreme Court in *NLRB v. Weingarten* (1975) 420 U.S. 251. (*Upland Police Officers Association v. City of Upland* (2003) 111 Cal.App.4th 1294, 1308.) The *Upland* Court holds that where California laws are modeled after federal laws, "federal decisions interpreting substantially identical statutes are unusually stong persuasive precedent on construction of our own laws." (*Id.* at 1308.) … [¶] … Section 3303(i) encapsulates the *Weingarten* analysis with the difference, however, that the subsection does not specify who determines when the interrogation is "likely to result in punitive action." Whereas the U.S. Supreme Court clearly stated representation turns on the employee's mindset, subsection 3303(i) does not provide a subject for the modifying clause beginning the section. The California Supreme Court, however, has interpreted similar language in POBRA in *Lybarger v. City of Los Angeles* (1985) 40 Cal.3d 822, and the reasoning of that decision is applicable to a reading of § 3303(i).

The Supreme Court's decision in *Weingarten* was premised on interpretation of the National Labor Relations Act, 29 U.S.C § 151-169. *N.L.R.B. v. J. Weingarten, Inc*, 420 U.S. 251, 252, 95

S.Ct. 959, 961, 43 L. Ed. 2d 171 (1975). Although Plaintiffs carefully removed all allegations concerning federal law when they amended their complaint, they still proceed on the basis that the NLRA *Weingarten* standard applies during all interviews of peace officers, whether the interview is conducted by an independent non-disciplinary entity such as the OIG, or by their employer. As set forth in the First Amended Complaint, Plaintiffs allege,

> … The determination as to when a matter could lead to punitive action is for the CDCR employee to make. Defendants, their agents, servants, employees, and each of them determined that no punitive action could result from interviews and disregarded the reasonable fears and concerns of [Plaintiffs] that answers they provided had the potential to result in punitive action or criminal liability. By disregarding [Plaintiffs'] concerns, Defendants, their agents, servants, and employees circumvented Plaintiffs' POBRA rights.
>
> … Plaintiff CCPOA contends its members are entitled to representatives whenever the officer reasonably determines that an interview could lead to punitive action. …
>
> Plaintiffs pray that judgment be entered … as follows: … A declaration that Defendant OIG must comply with POBRA in any interview in which a Bargaining Unit Six member has a reasonable belief that punitive action or criminal prosecution could result because of answers or information provided[.]

Doc. 9 (FAC), at ¶¶ 30, 38, Prayer ¶ 4. As Plaintiffs' own pleadings demonstrate, they seek a judicial order that requires the State to comply with these principles of federal labor law.

Plaintiffs' allegations regarding the deficiencies they perceive with the subpoenas the OIG issued also injects principles of federal constitutional law. Plaintiffs complain about the amount of notice provided, the contents identified in the notice, the inability to challenge the validity of the subpoenas, the inability to consult with legal counsel, and the coercive impact of the subpoenas. Doc. 9 (FAC), at ¶¶ 3, 32-35, 43-46, Prayer ¶ 5.  All of these alleged harms invoke principles of due process rights afforded by the United States Constitution. See *California Rest. Assn. v. Henning*, 173 Cal. App. 3d 1069, 1079, 219 Cal. Rptr. 630 (Ct. App. 1985); *United States v. Morton Salt Co.*, 338 U.S. 632, 651-654, 70 S.Ct. 357, 368-370, 94 L. Ed. 401 (1950). Despite these allegations, Plaintiffs claim they only challenge the subpoenas' failure to provide "due notice" of the time and place of the interviews as required by California Penal Code sections 6127.3 and 6127.4. Doc. 10-1 (Motion to Remand), at 5:1-7. However, the First Amended Complaint indicates Plaintiffs still intend to argue the subpoenas were invalid because

they "did not specify the subject matter of the inquiry and [were] indefinite as to the inquiry." Doc. 9 (FAC), at ¶¶ 43-46. Plaintiffs contended in their original complaint and in their Motion for Preliminary Injunction that whether the subpoenas were too indefinite and failed to provide notice of the subject matter are federal issues governed by the Fourth Amendment and Fifth Amendment to the United States Constitution. Doc. 1 (Notice of Removal), Exh. A (Complaint), at ¶¶ 39-42; Spillane Decl., Exh. A (Points and Authorities in Supp. of Motion for Preliminary Injunction), at 10-11. As demonstrated in Plaintiffs' own pleadings, there are important principles of federal law they seek to apply to their claims in this case.

Plaintiffs also contend in their motion that Defendants' statements of intent to file an anti-SLAPP motion pursuant to California Code of Civil Procedure section 425.16 et seq. somehow ground their complaint in state law. Doc. 10-1 (Motion to Remand), at 5:8-12. It does not. Anti-SLAPP motions are procedural mechanisms available in both state and federal court that permit either court to determine whether the case should be dismissed at an early stage of the litigation; they create no substantive rights or causes of action. See *Flatley v. Mauro*, 39 Cal. 4th 299, 312, 139 P.3d 2, 9 (2006) ["Section 425.16 'is a procedural device for screening out meritless claims'."]; *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206 (9th Cir. 2005) ["California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court[.]"]

### 3. Although the Federal Causes of Action No Longer Exist, Plaintiffs Should Not Be Rewarded for Dismissing Claims that Should Never Have Been Brought

Federal precedent cautions courts against rewarding plaintiffs who manipulate their complaints for the purpose of engaging in forum selection tactics. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011), citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 622, 98 L. Ed. 2d 720 (1988). In *Carnegie-Mellon*, the United States Supreme Court was presented with a similar situation in which the OIG finds itself – six months after removal, the plaintiffs deleted all federal-law claims from their complaint stating they no longer believed the claims tenable, and sought remand to state court. (484 U.S. at 346, 108 S.Ct. at 617.) The defendants objected on the basis that the plaintiffs dismissed their federal claims for the sole

purpose of returning to state court. (484 U.S. at 357, 108 S.Ct. at 624.) The Supreme Court noted that courts can guard against these types of manipulative tactics by "consider[ing] whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.*

Plaintiffs contend they dismissed the federal claims contained in the second cause of action of the original complaint in response to a Motion to Dismiss filed by the former CDCR Defendants CDCR, and the Answer filed by the OIG Defendants that "informed [them] of potential deficiencies and weaknesses in their asserted claims." Doc. 10-1 (Motion to Remand), at 4:14-15. Numerous facts expose the implausible nature of these statements. First, the brief period of time – just 20 days – between removal and Plaintiffs' dismissal of their federal claims is indicative of causation between the two events. The same can be said of the time between Plaintiffs' amendment and Motion to Remand, which were separated by just two days. Plaintiffs' filed the First Amended Complaint at the end of the business day on January 12, 2014. Plaintiffs' counsel spoke with Defendants' counsel the very next morning for the purpose of meeting and conferring regarding Plaintiffs' Motion to Remand. Doc. 10-2 (Decl. of Murray), at ¶ 3. From these facts, it is clear that Plaintiffs' sole purpose for dismissing the causes of action providing federal subject matter jurisdiction was to effectuate a remand to state court.

Second, Plaintiffs claim they dismissed their federal causes of action and four defendants due to the legal insufficiency of the factual allegations in their complaint. Doc. 10-1 (Motion to Remand), at 4-5. The motion to dismiss was based purely on routine legal defenses Defendants the CDCR defendants identified with the complaint, all of which should have been well known to Plaintiffs prior to filing a lawsuit naming them as defendants. CCPOA is no stranger to the judicial system, nor is it unfamiliar with the legal requirements of filing actions against CDCR or any other agency of the State of California. See, e.g., *Brown v. Superior Court*, 199 Cal. App. 4th 971, 132 Cal. Rptr. 3d 448, 452 (2011); *California Corr. Peace Officers Ass'n v. Tilton*, 196 Cal. App. 4th 91, 126 Cal. Rptr. 3d 623, 624 (2011); *California Corr. Peace Officers' Ass'n v. Gilb*,

No. A128189, 2011 WL 828659 (Cal. Ct. App. Mar. 10, 2011); *California Corr. Peace Officers' Ass'n v. State*, 189 Cal. App. 4th 849, 117 Cal. Rptr. 3d 109, 110 (2010). Plaintiffs had an obligation under the law to vet these claims *before* filing a lawsuit. This includes both ensuring the facts alleged constitute a cause of action as well as anticipating potential defenses that would bar a cause of action. Furthermore, Plaintiffs stress that this case is in its very early stages; hence, no discovery has been conducted and no motions have been ruled upon. Had Plaintiffs engaged in some discovery in which they were alerted to factual deficiencies with their case, or had motions decided adverse to their interests, their statements that they no longer believe their initial federal claims are viable would appear more genuine. However, even in such instances in which deficiencies are identified through the course of litigation, it is far more typical for a plaintiff to amend the complaint to cure the deficiencies rather than voluntarily dismiss their causes of action in such an abrupt manner.

Plaintiffs' justification for remand further erodes when considering their rationale for amending the cause of action challenging the use of administrative subpoenas. In their Motion to Remand, Plaintiffs claim, "[a]s to the administrative subpoenas, it was thought that the appropriate challenge was via a Fourth Amendment claim. This claim would have been grounded on the inability of the Officer Plaintiffs to challenge the validity of the subpoena prior to enforcement." Doc. 10-1 (Motion to Remand), at 4:21-5:1. Plaintiffs then cite cases *in support of* their Fourth Amendment cause of action, but then state that they've determined those issues are no longer relevant. *Id.* at pp. 4-5. The inconsistencies between Plaintiffs' actions and their proffered justifications cast tremendous doubt on the veracity of their statements. *Cf.* "[I]n the ordinary case, such fundamentally different justifications for an employer's action would give rise to a genuine issue of fact with respect to pretext since they suggest the possibility that neither of the official reasons was the true reason." *Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir. 1993), as amended on denial of reh'g (Jan. 26, 1994).

When viewing inconsistencies in Plaintiffs' statements in light of the practicalities of the situation, it becomes highly unlikely that Plaintiffs' amendments were designed to accomplish any goal other than effectuate a remand to state court. This apparent attempt at manipulating the

judicial forum in which this action is adjudicated should weigh heavily in favor of retaining jurisdiction over Plaintiffs' complaint, even without the federal cause of action.

### 4. Due to the Federal Court's Compelling Interest In the Outcome of This Case, It Should Exercise its Discretion to Retain Jurisdiction

As Defendants detailed in the Notice of Related Cases filed with the court on January 8, 2016, the issues presented in this case are not as narrow as Plaintiffs would have this court believe. Doc. 8 (Not. of Related Cases); Doc. 11 (Opp. to Not. of Related Cases). According to Plaintiffs, the complaint only takes issue with the actions the OIG took to deny several correctional officers representation during informational interviews and in issuing administrative subpoenas. However, Plaintiffs' true goal in this action is to advance CCPOA's stated objective of effectuating the "elimination of the OIG or, at a minimum, a review and redefinition of OIG's function in its public oversight of CDCR." Doc. 8-3 (Exhibits in Supp. of Notice of Related Cases), Exh. H, at 146-147. Plaintiffs' willingness to dismiss four parties to the action and a section 1983 cause of action that they previously represented had a great likelihood of success support Defendants' contentions that the complaint has no merit and was filed for the improper purpose of curtailing the OIG's statutory oversight duties.

Given the important federal constitutional rights that were the subject of the OIG's review of High Desert State Prison, not only do the federal courts have a heightened interest in adjudicating this action, they also have extensive knowledge of California's prison system and its practices, policies, and procedures that would greatly aid it during the adjudication of this case. Furthermore, given Plaintiffs' motive to curtail the OIG's statutory duties, it is in the public interest to resolve this case as expeditiously as possible. Remanding the case to the Sacramento County Superior Court will only delay resolution.

One of the other factors courts will examine when determining whether to remand an action back to federal court is whether the court has already expended significant judicial resources in the litigation. *Brookshire Bros. Holding v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Although the court hasn't expended significant judicial resources in this action, the court has expended vast judicial resources in the *Coleman* class action. See Doc. 8 (Notice of

-11-

Defendants' Opposition to Plaintiffs' Motion to Remand
Blue, et al. v. California Office of the Inspector General, et al.; Case No. 2:15-cv-02656-KJM-CKD

Related Cases). As a result, this court has become intimately familiar with CDCR's policies, practices, and procedures concerning the delivery of health care, treatment of inmates and discipline of CDCR employees. This experience will greatly aid the Court in the adjudication of this action.

## IV. CONCLUSION

When considered in totality, four important factors weigh in favor of denying Plaintiffs' Motion to Remand. First, as demonstrated by Plaintiffs' pleadings, federal questions still pervade the complaint and will play a role in the determination of each cause of action. Second, the causes of action do not involve novel or complex issues of state law such that the court should remand the case in deference to principles of comity. Third, the court has a compelling reason to adjudicate this case due to the significance the outcome may have on oversight of important federal rights that are currently subject to federal court monitoring. Finally, to remand the action to state court would reward Plaintiffs for engaging in manipulative conduct with the sole purpose of effectuating a remand to state court. Because there are significant reasons for the Court to exercise supplemental jurisdiction of this action, Defendants request that the Court deny Plaintiffs' Motion to Remand.

Dated: January 29, 2016                    Respectfully Submitted,


ROBERT A. BARTON
Inspector General for the State of California

JAMES C. SPURLING
Chief Counsel


 /s/ Shaun R. Spillane
_____
SHAUN R. SPILLANE
Attorney

Attorney for Defendants California Office of the Inspector General, Robert A. Barton