PHILLIP MURRAY, SBN 213352
DANIEL M. LINDSAY, SBN 142895
JAMES HARRISON, SBN 194979
JENNIFER RAGAN, SBN 191711
JUSTIN DELACRUZ, SBN 285274
**CALIFORNIA CORRECTIONAL**
**PEACE OFFICERS ASSOCIATION**
**LEGAL DEPARTMENT**
755 Riverpoint Drive, Suite 200
West Sacramento, California 95605-1634
Telephone:  (916) 372-6060
Facsimile:   (916) 340-9372

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BLUE, JASON HASTEY, STEVEN OSCHNER, ARTHUR TOVAR, JAMES MCCLOUGHAN, CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA OFFICE OF THE INSPECTOR GENERAL; ROBERT A. BARTON, Inspector General, DOES 1-100,<br><br>Defendants. | No.  2:15-CV-02656-KJM-CKD<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**<br><br>Date:          February 12, 2016<br>Time:         10:00 AM<br>Judge:        Honorable Kimberly J. Mueller<br>Location:   501 I Street, 15th Floor, Courtroom 3<br>                    Sacramento, CA 95814 |

## I.     INTRODUCTION

Defendants California Office of Inspector General ("OIG") and Robert A. Barton (collectively, "Defendants") acknowledge that there are no remaining federal causes of action. Nonetheless, Defendants contend that the Court should maintain jurisdiction over Plaintiffs' state law claims because the state law claims do not involve novel or complex issues of state law, Plaintiffs' amendment as of right constitutes improper forum selection, and the Federal Court has a compelling interest in the outcome.  To the contrary, the state law claims are novel in that

1

Plaintiffs are asking the court to identify: Defendants' obligations pursuant to California Penal Code Section 6126.5(d) when interviewing CDCR personnel in matters that could lead to punitive action and 2) Defendants' duties pursuant to California Penal Code § 6127.4 when issuing administrative subpoenas. Plaintiffs amended the complaint as of right and the instant motion is a timely response to Defendants' removal from state court. This was a straight-forward tactical decision. Finally, there is no federal interest in this case. Plaintiffs' claims are grounded in Defendants' conduct during OIG's review of High Desert State Prison—not in the substance of the review. Indeed, the Sacramento Superior Court is already familiar with the facts and parties through law and motion proceedings regarding contractual arbitration arising out of the same set of facts. Given its expenditure of judicial resources, the state court will be a more efficient and economical forum to adjudicate this action.

OIG's oversight power is defined by its own statutes. Plaintiffs' action is designed to clearly identify Defendants' legal obligations when OIG conducts reviews in which Bargaining Unit 6 members are interviewed. As such, whichever court decides this case will necessarily determine OIG's duties under OIG's enabling statute.

## II.   RELEVANT STATE COURT PROCEDURAL HISTORY

Plaintiff California Correctional Peace Officers Association ("CCPOA") is also seeking to arbitrate claims that California Department of Corrections and Rehabilitation ("CDCR") violated the Memorandum of Understanding ("MOU") governing the rights of Bargaining Unit 6 members by acting in conjunction with Defendants. The grievance is based on the same set of facts but involves different legal theories and claims and is directed at CDCR, thus involving different parties. On December 24, 2015, CCPOA filed a petition in the Sacramento Superior Court to compel CDCR and the California Department of Human Resources ("CalHR") to arbitrate on an expedited basis. (Request for Judicial Notice ["RJN"] ¶ 1, Ex. A.) The hearing on CCPOA's petition was originally scheduled for January 28, 2016. (*Id.* ¶ 2, Ex. B.) On January 19, 2016, CalHR moved *ex parte* to continue the hearing on the petition. (*Id.* ¶ 3, Ex. C.) On January 19, 2016, representatives from CalHR and CCPOA appeared before the Honorable Raymond M. Cadei to resolve the issue. (Declaration of Jennifer Ragan ("Ragan Decl."), ¶ 2.) Judge Cadei

2

continued the hearing on the petition to February 3, 2016.

On January 28, 2016, Defendant OIG filed an *ex parte* application to file an amicus brief in opposition to CCPOA's petition to compel arbitration. (*Id.* ¶ 4, Ex. D.) On January 29, 2016, OIG's attorneys, James Spurling and Shaun Spillane, and Jennifer Ragan, Staff Counsel with CCPOA, appeared before Judge Cadei to determine whether OIG should be able to file an amicus brief. (Ragan Decl., ¶ 3.) As a result of that hearing, OIG's request to file an amicus brief was granted. (RJN ¶ 5, Ex. E.)

On February 3, 2016, Judge Cadei, after oral argument, affirmed his February 2nd tentative ruling granting CCPOA's petition stating:

> This petition arises from alleged interviews of correctional officers without advance notice of the subject matter and without compliance with the interviewees' requests for access to a job steward or attorney during questioning. According to CCPOA, the Office of the Inspector General (OIG) conducted the interviews with the cooperation and complicity of Respondent herein State of California, Department of Corrections and Rehabilitation (CDCR). CCPOA contends the interviews violated numerous provisions in the operative Memorandum of Understanding (MOU) governing members and their employing agency, CDCR. Because California's Department of Human Resources (CalHR) is the State agency responsible for bargaining with CCPOA, the petition identifies CalHR as a responding agency as well. CCPOA now petitions for an order compelling Respondents to arbitrate claims they violated the MOU.
>
> On 11/24/15, CCPOA and others (Plaintiffs) filed a civil action involving many of the same facts involved in the instant petition. The Plaintiffs originally filed the action in this court and named CDCR, the OIG and others as defendants. In the original complaint the Plaintiffs sought injunctive and other relief for alleged violation of statutory and constitutional law. The complaint contained causes of action predicated on Cal. Gov't Code § 3309.5 [Public Safety Officers Procedural Bill of Rights] and 42 U.S.C. § 1983. In December 2015, CDCR and an individual defendant caused the civil case to be removed to federal court where it remains venued. However, the Plaintiffs recently filed a first amended complaint in federal court that removes the federal civil rights claim and CDCR from the case. A motion for remand is pending.

(*Id.* ¶ 6, Ex. F.)

///

///

///

3

## III. ARGUMENT

### A. Plaintiffs' State Law Claims Are Novel.

The interpretation of state law on issues of first impression should be left to the state courts. *Sanford v. Del Taco, Inc.*, No. 2:04-cv-2154-GEB-EFB, 2006 WL 2669351, at *6 (E.D. Cal. Sept. 18, 2006). Again, this Court has stated that "[p]rimary responsibility for developing and applying state law rests with state courts." *Richardson v. Apple, Inc.*, No. CIV S-12-2032-KJM-KJN, 2012 WL 5199162, at * 2 (E.D. Cal. Oct. 19, 2012). The determination of Plaintiffs' state law claims will involve the applicability of *N.L.R.B. v. J. Weingarten, Inc.*, 420 U.S. 251 (1975) ("*Weingarten*") and how *Weingarten* and its progeny explain the right to representation guaranteed by the Public Safety Officers Procedural Bill of Rights Act ("POBRA"), California Government Code Sections 3300, *et seq.* The court will also identify the requirements Defendants must conform to when issuing administrative subpoenas.

#### 1. Application of *Weingarten* to Plaintiffs' First and Second Causes of Action.

The parties agree on the basic premises of the First and Second Causes of Action. Plaintiffs allege that under California Penal Code section 6126.5(d) and POBRA, Plaintiffs were entitled to representation when they reasonably believed that punitive action could result from their answers to the questions posed by Defendants' review. The concept of reasonable belief is derived from *Weingarten* and *Weingarten* was decided by interpreting the National Labor Relations Act. The concepts of representation in Government Code section 3303(i), including the concept of reasonable belief that punitive action may result, derives in part from *Weingarten* and its progeny. *See Upland Police Officers Assoc. v. City of Upland*, 111 Cal.App.4th 1294, 1308 ("We agree with the Department amici curiae that *Weingarten* and its progeny are persuasive authority . . ."). Plaintiffs seek an order that would incorporate federal labor law concepts to state labor statutes. Admittedly, whether *Weingarten*'s "reasonable belief" standard applies would be an extension—albeit a reasonable and logical one—of current state law. That decision should be left to a state court.

#### 2. Interpretation of California Penal Code Section 6127.4.

Plaintiffs' Third and Fourth Causes of Action arise from Defendants' use of

4

administrative subpoenas. The crux of Plaintiffs' causes of action is that Defendants failed to give "due notice" in issuing the subpoenas. The phrase "due notice" comes from California Penal Code Section 6127.4(b)(1) which requires Defendants to show "[t]hat due notice of the time and place of attendance of the person or the production of the papers has been given." Plaintiffs seek a judicial order declaring what the term "due notice" means and what Defendants specifically must do to comply with that requirement. These causes of action are matters of state statutory interpretation.

### B. Plaintiffs' Amendment and Subsequent Remand Motion Was a "Straight-Forward Tactical Decision".

There was no dilatory motive in promptly amending the complaint and moving to remand. Defendants attack Plaintiffs' procedural tactics as "manipulative" arguing that Plaintiffs should have omitted the federal claims before suing. However, Ninth Circuit case law suggests Plaintiffs' conduct was not nefarious.

"[A] plaintiff does not engage in manipulative behavior merely by eliminating federal claims from an amended complaint that were present in the original complaint." *Valmoja v. Akal Sec., Inc.*, No. 13-00343 LEK-BMK, 2013 WL 5376038, at *5 (D. Haw. Sept. 24, 2013). Indeed, the Ninth Circuit has concluded that such conduct is a tactical decision. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). In *Baddie*, the plaintiffs filed an action in state court alleging state and federal claims. *Id.* at 489. The defendants properly removed the case to federal court. *Id.* Fifteen days later, the plaintiffs filed an amended complaint omitting the federal claims and moved to remand. *Id.* The district court granted the plaintiffs' motion to remand but awarded the defendants fees because it found "that both removal and remand had been precipitated by plaintiffs' 'manipulative pleading practices.'" On appeal, the Ninth Circuit considered the propriety of the plaintiffs' conduct:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a

5

> state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*Id.* at 491.

Plaintiffs amended their complaint 20 days after the case was removed. (ECF Nos. 3, 9.) They filed their motion to remand two days later. (ECF No. 10.) With haste, Plaintiffs made a tactical decision to pursue their state law claims and forgo their federal claims. Plaintiffs did not wait six months after removal to amend as in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). A plaintiff is the master of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 387 (1987). Plaintiffs' decision to amend was based upon information set forth in CDCR's 12(b)(6) motion and Defendants' answer. Under FRCP 15(a), Plaintiffs are entitled to narrow the claims to what they believe are the core issues of dispute. That is exactly what they did. There was no improper forum manipulation.

## C.   There Is No Federal Interest in this Case.

Defendants contend that the federal court has an important interest because the substance of the review of High Desert State Prison involved undoubtedly important federal constitutional rights. To reiterate, by this action, Plaintiffs challenge the manner in which they were compelled by Defendants to give involuntary statements to questions that could have given rise to punitive and/or criminal action. Plaintiffs do not challenge Defendants ability to perform reviews as directed by the Senate Rules Committee. No inmate's federal constitutional rights are at issue. This matter is between the Plaintiffs, correctional officers and their labor association, and Defendants, the agency in charge of overseeing the internal disciplinary process of the California Department of Corrections and Rehabilitation and its department head. The rights involved are those of correctional officers.

Defendants perceive Plaintiffs' motive for suing as seeking to "effectuat[e] the elimination of the OIG or, at a minimum, a review and redefinition of OIG's function in its public oversight of CDCR." (ECF No. 13, at 11 [internal quotations omitted].) Notwithstanding that perception, a

6

Reply in Support of Plaintiffs' Motion to Remand
Blue, et al. v. California Office of the Inspector General, et al. Case No. 2:15-cv-02656

court decision, whether from a federal or state court judge, could not eliminate the OIG or redefine OIG's function or duties. Only the California State Legislature and Governor can make real Defendants' fears. A court decision in this case will merely identify what Defendants can and cannot do when interviewing correctional officers and issuing administrative subpoenas.

### D. Remand to the State Court Is the Efficient and Economical Choice.

Judicial economy and efficiency favors remand to the state court. If this case is remanded to the state court, any subsequent motions would be heard by the Honorable Raymond M. Cadei in Department 54 of the Sacramento Superior Court. There have been two *ex parte* applications, two *ex parte* hearings, one *amicus curaie* brief, an opening brief, an opposition, a reply, and sur-reply brief, one tentative ruling, and one hearing all before Judge Cadei in relation to the contractual arbitration sought against CDCR. (RJN ¶¶ 1–6, Exs. A–F; Ragan Decl. ¶¶ 2–4.) The state court is familiar with the facts giving rise to Plaintiffs' action against Defendants.

### IV. CONCLUSION

This case solely involves state law claims. Those claims are novel because the relief Plaintiffs seek will require the court to decide whether federal labor law concepts should apply to a state labor statute and to interpret what a particular phrase in a state statute means. Plaintiffs' decision to amend and remand was a proper tactical decision. Finally, this Court has not yet expended significant resources but the state court is already familiar with the issues. The factors of 28 U.S.C. § 1367(c) heavily favor remand.

CALIFORNIA CORRECTIONAL
PEACE OFFICERS ASSOCIATION
LEGAL DEPARTMENT

Dated: 2/4, 2016        By: _____
                            Phillip Murray, Staff Counsel

7

Reply in Support of Plaintiffs' Motion to Remand
Blue, et al. v. California Office of the Inspector General, et al. Case No. 2:15-cv-02656