UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BLUE, et al., | No. 2:15-cv-02656-KJM-CKD |
| Plaintiffs, | |
| v. | ORDER |
| CALIFORNIA OFFICE OF THE INSPECTOR GENERAL, et al., | |
| Defendants. | |

Plaintiffs' motion to remand is before the court. Mot. Remand ("Mot"), ECF No. 10-1. Plaintiffs Bryan Blue, Jason Hastey, Steven Oschner, Arthur Tovar, James McCloughan and the California Correctional Peace Officers Association ("CCPOA") argue the court should remand the case because they have amended their complaint to delete all federal causes. *See id.* at 2. Defendants oppose plaintiffs' motion. Defs.' Opp'n ("Opp'n"), ECF No.13.

The court submitted the matter without hearing. After careful consideration of the motion, including supporting and opposing arguments, plaintiffs' motion is GRANTED for reasons set forth below.

I.  BACKGROUND

On November 25, 2015, plaintiffs initiated this action in Sacramento County Superior Court. Not. Remov. 5, ECF No. 1. Plaintiffs brought claims against the California

1

Officer of the Inspector General ("OIG"), General Robert A. Barton, the California Department of Corrections and Rehabilitation ("CDCR"), Secretary of CDCR Jeffrey Beard, Chief Deputy Inspector General Roy Wesley, and Deputy Inspector General Michael Maddox (collectively "defendants"). *Id.* at 6–8. Plaintiffs alleged defendants compelled plaintiffs to undergo OIG interviews while depriving them of their right to representation. *Id.* at 8–16. Plaintiffs also allege defendants improperly used administrative subpoenas throughout the OIG interview process. *Id.* at 11. Through such acts, defendants allegedly violated the Public Safety Officers' Procedural Bill of Rights ("POBRA") set forth in California Government Code section 3300, *et seq.*, California Penal Code section 6126.5, as well as the federal Civil Rights Act, 42 U.S.C. § 1983. *Id.* at 12–14. Through § 1983, plaintiffs allege violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments. *Id.* at 14.

On December 23, 2015, defendants removed the case to this court based on 28 U.S.C. § 1441. Not. Remov. On December 30, defendants OIG, Robert Barton, Roy Wesley, and Michael Maddox answered the complaint. ECF No. 7. Defendants CDCR and Jeffrey Beard filed a motion to dismiss. ECF No. 6. The motion to dismiss is still pending. On January 8, 2016, defendants filed a Notice of Related Cases, ECF No. 8, but on March 2, 2016, this court declined relation, ECF No. 18.

On January 12, 2016, plaintiffs filed a First Amended Complaint. First Am. Compl. (FAC), ECF No. 9. In the First Amended Complaint, plaintiffs maintain their claims under POBRA and California Penal Code section 6126.5. *See id.* Plaintiffs added claims under California Penal Code sections 6127.3 and 6127.4 and removed all federal law claims. *See id.* Plaintiffs filed the amended complaint without leave of court. Two days later, plaintiffs filed the instant motion to remand the case to state court. ECF No. 10.

/////
/////
/////
/////
/////

2

II.     LEGAL STANDARD

  A.     Amendment of Complaint

    Federal Rule of Civil Procedure 15 provides in pertinent part:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a) (1) (A)–(B). According to the Federal Rules Advisory Committee, allowing the right to amend as a matter of course after service of a motion would "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Fed. R. Civ. P. 15, 2009 Rules Committee Note. The Committee noted a "responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided," thus expediting determination of issues. *Id.*

  B.     Remand after Amendment

    Although a plaintiff can amend his complaint once as a matter of course, he may not compel remand by amending to eliminate a federal question upon which removal was based. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal, not on the basis of subsequent amendments. *Id.* Accordingly, if federal questions are eliminated and only state claims remain, the court is not required to remand but has discretion to determine whether to retain jurisdiction or to remand to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

    In making this determination, the court should consider values of "judicial economy, convenience, fairness, and comity." *Id.* These values inform the court's analysis under 28 U.S.C. § 1367, which discusses factors guiding the court in determining whether to exercise or decline jurisdiction. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("[D]iscretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c) . . ."). The statutory factors are

3

1. (1) whether the state claims raise a novel or complex issue of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

After considering common law values and statutory factors, the court may also consider whether plaintiff has engaged in tactics to manipulate the forum.  *Carnegie-Mellon Univ.*, 484 U.S. at 357.  In deciding whether to remand a case,

> [a] district court can consider whether the plaintiff has engaged in any manipulative tactics . . . .  If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.

*Id.*  Even if a plaintiff's decision to eliminate federal claims before moving for remand may raise suspicion, "a plaintiff does not engage in manipulative behavior merely by eliminating federal claims from an amended complaint that were present in the original complaint."  *Valmoja v. Akal Sec., Inc.*, No. 13-00343, 2013 WL 5376038, at *5 (D. Haw. Sept. 24, 2013); *see also Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir.1995) (stating plaintiff's dismissal of federal claims does not constitute "manipulative practices.").

III.    DISCUSSION

Plaintiffs filed the First Amended Complaint thirteen days after defendants CDCR and Jeffrey Beard filed their motion to dismiss.  Plaintiffs thereby complied with the Rules of Civil Procedure requirement of filing within twenty-one days of the defendants' filing their motion to dismiss.  Fed. R. Civ. P. 15(a).

The central question for the court is whether the case should be remanded given that federal claims have evaporated.  Plaintiffs argue judicial economy and comity support remand.  *See* Mot. at 3–6.  Additionally, they argue remand satisfies all the factors laid out in § 1367.  *Id.*  Defendants argue remand is an improper attempt to manipulate the forum in which the action will be adjudicated.  Opp'n at 1.  Specifically, defendants contend plaintiffs' First Amended Complaint continues to rely on principles of federal law and this court has an interest in

4

adjudicating the matter because of its relation to other cases proceeding before the federal courts. *Id.* at 2.  In assessing these arguments, the court applies the section 1367(c) factors.

        A.        Novel or Complex Issues of State Law

The First Amended Complaint asks the court do the following: (1) find defendants denied representation to plaintiffs during OIG interviews, in violation of POBRA, California Government Code § 3300, *et seq.*, and California Penal Code Section 6126.5, (2) provide a declaration of rights and defendants' duties under POBRA and California Penal Code Section 6126.5, (3) grant injunctive relief under California Penal Code sections 6127.3 and 6127.4 for defendants' alleged improper use of administrative subpoenas, and (4) provide a declaration of rights and defendants' duties under California Penal Code sections 6127.3 and 6127.4.  *See generally* FAC.

Plaintiffs argue the state law claims at issue are novel.  *See* Reply at 4.  Specifically, they argue adjudication of their POBRA claims will require application of *NL.R.B. v. J. Weingarten, Inc.*, 420 U.S. 251 (1975), to determine how *Weingarten* and its progeny affect the right to representation guaranteed by POBRA.  *Id.*  As to other claims, plaintiffs argue their adjudication will require the application of state law.  *Id.* at 4–5.  While plaintiffs point to cases they say will need to be analyzed, they do not show why the case at hand involves novel or complex issues of state law.

On the other hand, defendants cite several state court decisions involving challenges by peace officers who claimed they were denied their right to representation during interviews.  Opp'n at 5.  Although defendants argue the issues raised by the use of administrative subpoenas and the alleged denial of representation are not complex, the cases on which defendants rely actually demonstrate that plaintiffs' claims raise questions that fall squarely within the ambit of state law. Thus their determination is a task for which the state court is uniquely suited.  *See Fraser v. Washington State Dep't of Corr.*, No. 11-5273, 2012 WL 1022153, at *6 (W.D. Wash. Mar. 26, 2012) ("Because state courts have a strong interest in enforcing their own laws . . . the value of comity is served by this Court declining jurisdiction.").

Because primary responsibility for developing and applying state law rests with state courts, this factor weighs in favor of remand. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7; *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir.1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.").

### B. State Claims Predominate Over Federal Claims

Because plaintiffs no longer rely on federal claims, there are no federal claims to assess. Naturally, state courts have a strong interest in enforcing their own laws. *See Carnegie-Mellon University*, 484 U.S. at 352. The value of comity is served by this court's declining jurisdiction.

### C. Manipulation of Federal Forum

Defendants contend plaintiffs have engaged in manipulative tactics by eliminating their federal claims. Opp'n at 8. Defendants cite *Carnegie-Mellon*, in which plaintiffs deleted all federal law claims from their complaint six months after removal, and then sought to remand to state court. *Id.* (*citing* 484 U.S. at 343, 346). In *Carnegie-Mellon,* however, the Supreme Court affirmed the district court's decision to remand the case to state court. *Id.* at 357. Indeed, the Court observed a plaintiff's attempt to manipulate the forum hardly justifies a categorical prohibition on remanding cases initially involving pendant state law claims once the federal claims are gone. *Id.* The Ninth Circuit has found when plaintiffs seek remand after removing federal claims, the maneuver can be a "straight-forward tactical decision" that does not preclude removal. *See Baddie*, 64 F.3d at 490–91 (9th Cir. 1995).

Here, the underlying case has been on this court's docket for less than four months. Nothing before the court supports the conclusion that the timing or method of plaintiffs' amendment is an impermissible jerry-rigging of federal rules or an unfair taking advantage of applicable federal laws. *See Baddie*, 64 F.3d at 490 n. 3 (Such behavior is only considered manipulative if the plaintiff's initial inclusion of the federal claim was in bad faith or for the "sole purpose of putting defendants through the removal-remand procedure.").

   D. <u>Exceptional Circumstances or Compelling Reasons to Decline Jurisdiction</u>

    In determining whether to decline jurisdiction, the district court may consider the amount of judicial resources already expended and the length of time the case has been pending in the federal forum.  *See Strickler v. Countrywide Bank, N.A.*, No. 10-1612, 2011 WL 317988, at *2 (C.D. Cal. Jan. 27, 2011) ("[T]he district court may retain jurisdiction over the state-law claims remaining after a dismissal, especially where judicial resources have been expended."); *see also Lankford v. City & Cty. of S.F.*, No. 10-05518, 2012 WL 299965, at *2 (N.D. Cal. Jan. 30, 2012) (declining to  exercise supplemental jurisdiction where matter was in the "early stages" before the federal court).  Defendants concede the court has not expended significant judicial resources.  Opp'n at 11.  Nonetheless, defendants contend the court should exercise jurisdiction because of the vast judicial resources it has expended in the case of *Coleman, et al. v. Brown, et al.*, No. 90-00520 (E.D. Cal filed April 23, 1990),which is pending before the undersigned.  *Id.*  Defendants cite no case law to support their argument that jurisdiction should be exercised merely because cases on the court's docket may be related.  In any event, the court determined this case is in fact not related to *Coleman* within the meaning contemplated by the Local Rules.

    This factor weighs in favor of declining jurisdiction.

IV. <u>CONCLUSION</u>

    For the reasons discussed above, this court declines to retain jurisdiction.  Plaintiffs' motion to remand is GRANTED.  Defendants' motion to dismiss plaintiffs' First Amended Complaint is DENIED as MOOT.

    This order resolves ECF Nos. 6 and 10.

    IT IS SO ORDERED.

DATED:  March 22, 2016.

               UNITED STATES DISTRICT JUDGE